JOHN WELCH *vs.* INHABITANTS OF GARDNER.

Worcester. Oct. 6. — Nov. 29, 1882. LORD, C. ALLEN & COLBURN, JJ., absent.

If a person, injured by a defect in a highway, does not give the notice required by the St. of 1877, *c.* 234, until after the expiration of the time therein prescribed, and, in an action by him against the town, the evidence is conflicting as to his physical and mental capacity to have given such notice earlier, it is for the jury to determine whether he was incapacitated from giving the notice until he did.

In an action for personal injuries occasioned by a defect in a highway, the notice given by the plaintiff, under the St. of 1877, *c.* 234, stated that, on a day named, he was injured upon a highway "leading from G. to T. called the Shoddy Road" by "a defect in said road near the blanket mills of F. & Co., the defect being large stones in said road or way, the said stones being at or near a sluiceway in said road." The evidence showed that the accident happened in the night-time; that the stones were set up as guards at the sluiceway, forming part of the culvert thrown across it, and bounded the travelled part of the way on either side; and that there were no other stones in the road for a distance of twenty rods on either side of the sluiceway. *Held,* that the notice sufficiently designated the time, place and cause of the injury, within the statute.

TORT for personal injuries occasioned to the plaintiff by a defect in a highway in the defendant town. At the trial in the Superior Court, before *Knowlton,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*W. S. B. Hopkins,* for the defendant.

*J. R. Thayer,* for the plaintiff.

DEVENS, J. The notice required by the St. of 1877, *c.* 234, § 3, as preliminary to the commencement of an action for bodily injury or damage to property against a town, occasioned through

:a defect or want of repair in a highway, which it is obliged
.by law to keep in repair, was not given within thirty days after
.the alleged injury, which was stated in the notice to have oc-
.curred on February 28, 1880. As § 4 of the same act provides
" that if from physical or mental incapacity it be impossible for
the person injured to give the notice within the time hereinbe-
fore provided," he may give notice within ten days after such
incapacity is removed, it was for the plaintiff to show that he
was justified in the delay. For this purpose he introduced evi-
.dence of his mental and physical condition up to April 22,
1880, to the effect that he was unable to leave his bed until
that time, was sick, nervous, dizzy and delirious, unable to think
of anything, or to attend to any business. This evidence was
.supported by his own oath, and to some extent by that of his
physician, and was controverted by evidence on behalf of the
.defendant. It was for the jury, under proper instructions, to de-
termine as a question of fact whether the plaintiff was incapaci-
tated from giving the notice, as he alleged, until April 22; and
the evidence was legally sufficient to authorize them to find in
favor of the plaintiff. *Mitchell* v. *Worcester*, 129 Mass. 525.

The notice described the place of the injury as being upon a
highway " leading from Gardner to Templeton called the Shoddy
Road," and the cause of injury as proceeding from " a defect in
said road near the blanket mills of R. S. Frost & Co., the defect
being large stones in said road or way, the said stones being at
or near a sluiceway in said road." This notice the defendant.
contends to have been misleading and ambiguous, for the reason
that the stones were set up as guards at the sluiceway, forming
a part of the culvert thrown across it, and bounded the travelled
part of the way on either side. There were no other stones in
the road for a distance of twenty rods on either side of the
sluiceway. There could be no doubt that these were the stones
which the plaintiff alleged as the cause of his injury, and, al-
though they are spoken of as large stones in the road, this is not
an assertion that they are in the travelled part of the road; the
description would equally apply to stones which too narrowly
enclosed and bounded the road as intended to be travelled.
Their location was made definite by the sluiceway, and by the
further fact that there were no other stones in its vicinity.

The defendant contends that the real defect, if any defect there were, was that the travelled part of the road was made by these guard stones too narrow. But, however this may be, the cause of the injury was more properly described by attributing it to these stones than to the narrowness of the way produced by them.

The place was not alleged in the notice to be in Gardner, but, as there was a place answering the description there, in a notice to the authorities of Gardner, it could not be doubted that the place referred to was in that town. *Savory* v. *Haverhill*, 132 Mass. 324. Nor was it necessary to set forth in the notice the time of day when the injury took place.

We have heretofore said, through Mr. Justice Morton: "A notice given under the statute ought not to be construed with technical strictness. It is sufficient if it gives to the officers of the town information with substantial certainty as to the time and place of the injury, and as to the character and nature of the defect which caused it, so as to be of aid to them in investigating the question of the liability of the town." *Spellman* v. *Chicopee*, 131 Mass. 443. The notice in the present case has all these requisites. *Exceptions overruled.*