## HANNAH M. SARGENT *vs.* CITY OF LYNN.

Essex.   Nov. 5, 1884. — Feb. 28, 1885.   COLBURN, J., absent.

W. Street and O. Street crossed each other in a city. The sidewalk, at both the northeasterly and southeasterly corners, was of concrete, and separated from the carriage path by curbstones. At a distance of about five feet from the curbstone at the northeasterly corner of the two streets, the concrete had been taken up and removed, making a hole in the crossing about four and a half feet long and of the width of the concrete, and leaving the concrete on the northerly side standing up and terminating abruptly, and presenting a perpendicular edge to the hole. A person was injured by falling upon this defect, while crossing the carriage path of W. Street on the concrete; and gave a written notice to the city, stating that the injury occurred "at the corner of W. and O. Streets, . . . . in consequence of the defective condition of the sidewalk at that point, the concrete having been taken up part of the way and the remainder left, which stood up above the other part of the walk." *Held,* that, whether the description of the place of the accident as in the sidewalk was strictly accurate or not, the notice was sufficient.

TORT, for personal injuries occasioned to the plaintiff by a defect in a concrete crossing in the defendant city. Trial in the Superior Court, without a jury, before *Wilkinson, J.,* who reported the case for the determination of this court, in substance as follows:

The alleged defect was about four and a half feet in length and of the width of the concrete which had been taken up and removed, making a hole or excavation in the crossing, and leaving the concrete on the northerly side, at a distance of about five feet from the curbstone, at the northeasterly corner of Oxford Street and Washington Street, standing up and terminating abruptly, and presenting a perpendicular edge to the hole.

The sidewalk, at both the northeasterly and southeasterly corners of Washington Street and Oxford Street, was of concrete, and separated from the carriage path in which the alleged defect existed by curbstones.

It appeared that the plaintiff was, on the evening of April 21, 1881, injured while crossing the carriage path of Washington Street on said concrete crossing, at·a point five feet distant from the curbstone dividing the carriage path from the northerly sidewalk of Washington street.

The plaintiff put in evidence a written notice signed by her, dated and given to. the mayor of the defendant city on April 30, 1881, as follows : " To the city of Lynn.  You are hereby notified that on the evening of April 21st, 1881, at the corner of Washington and Oxford Streets in said Lynn, I was injured and received damage in consequence of the defective condition of the sidewalk at said point, the concrete having been taken up part of the way and the remainder left, which stood up above the other part of the walk, and in travelling along said walk and using due care I stumbled against said concrete so remaining, and fell, striking the curbstone upon my face and sustaining a very severe injury.  You are therefore hereby notified that I shall look to the city of Lynn for remuneration for said injury."

The defendant asked the judge to rule that the plaintiff had failed to show any legal notice, as is required by statute, to the defendant; the judge ruled that the notice was insufficient ; and found for the defendant.

If the notice was sufficient, the case was to stand for trial.; otherwise, judgment to be entered for the defendant.

*J. Cutler*, ( *C. P. Thompson* with him,) for the plaintiff.

*J. W. Berry*, for the defendant.

C. ALLEN, J.  The omission to mention the particular corner of Washington Street and Oxford Street does not render the notice invalid.  The minute description of the nature of the defect aids in fixing the place.  There is no occasion for us to assume that the city had left such a defect at more than one corner of these streets.  Whether the description of the place of the defect as in the sidewalk was strictly accurate or not, (which may be open to question,) we cannot see that an officer of the city, with the notice in his hand, looking for the alleged defect, would have any doubt as to the precise spot.  This is all that the statute requires.  *Lowe* v. *Clinton*, 133 Mass. 526. *Welch* v. *Gardner*, 133 Mass. 529.  *McCabe* v. *Cambridge*, 134 Mass. 484, 487.                    *Case to stand for trial.*