## PHŒBE A. DALTON *vs.* CITY OF SALEM.

Essex. Nov. 5, 1884. — March 23, 1885. FIELD & C. ALLEN, JJ., absent.

A notice to a city, under the Sts. of 1877, c. 234, § 3, and 1879, c. 244, stated that a person had been injured eight days before, by a fall upon a sidewalk "consequent upon the icy and slippery condition of said sidewalk," and that the place of the injury was on L. Street near M. Street. It appeared that M. Street leads from L. Street on the easterly side of that street, and that M. Street is from thirty to thirty-five feet wide. *Held,* that the notice did not state the place of the injury with sufficient certainty. *Held, also,* that evidence was inadmissible that the plaintiff's son, at the plaintiff's request, informed the mayor of the city, on the day of the accident, when, where, and how the injury occurred, and, at the mayor's request, called on the city clerk, and stated the same facts to him, and the clerk drew the notice in question.

TORT for personal injuries occasioned to the plaintiff, on November 21, 1879, by a defect in a highway in Salem. Trial in the Superior Court, before *Aldrich,* J., who allowed a bill of exceptions, in substance as follows:

The plaintiff offered in evidence the following notice, addressed to "the board of aldermen of the city of Salem," dated November 29, 1879, and signed "Mrs. John C. Dalton by John C. Dalton, Jr.":

"The undersigned respectfully represents that on Friday the 21st day of November, 1879, at 1 1-2 o'clock, P. M., while passing on the sidewalk on Lafayette Street, near Lagrange Street, she fell to the sidewalk, breaking her wrist and sustaining other severe injury, the fall being consequent upon the icy and slippery condition of the said sidewalk. She therefore respectfully asks that she may be compensated by the city for such damage and injury, and the expenses occasioned thereby."

It appeared in evidence, that Lafayette Street is about a mile and a half long; that Lagrange Street is from thirty to thirty-five feet wide, including the sidewalks, and leads easterly from Lafayette Street at a right angle; that there is no street leading from the westerly side of Lafayette Street opposite the westerly end of Lagrange Street; that the next street to the north of Lagrange Street is three hundred feet distant, and the next street to the south is eighty-five feet distant; and that Lafayette Street is about eighty feet wide, and has a sidewalk on each side.

The judge ruled that the notice was insufficient.

The plaintiff thereupon offered to prove the following facts: On the day of the accident, the plaintiff requested her son, John C. Dalton, Jr., to call upon the mayor of the city of Salem and notify him of the accident, and that she claimed damages. The mayor, after being told by the son when, where, and how the injury occurred, requested him to call upon the city clerk and state the facts to him, and get a notice prepared. The son, as requested, called upon the city clerk, and stated to him when and where the accident happened, and the cause of the same, and the clerk thereupon wrote out the notice above set forth, which was then signed by John C. Dalton, Jr., and was filed by the city clerk on November 29.

The judge excluded the evidence as inadmissible on the question of the sufficiency of the written notice; and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*C. Sewall*, for the plaintiff.

*F. L. Evans*, for the defendant.

COLBURN, J. Under the statutes in force at the time the plaintiff received her injury, it was necessary for her, as a condition precedent to her right to maintain this action, to give to the defendant a notice in writing of the time, place, and cause of her injury. Sts. 1877, c. 234, § 3; 1879, c. 244. *Shea* v. *Lowell*, 132 Mass. 187. The St. of 1882, c. 36, does not apply to this case. *Shallow* v. *Salem*, 136 Mass. 136. She gave a notice in writing to the defendant, which stated the time of her injury with particularity, and it has been decided that the notice states the cause of her injury sufficiently. *Dalton* v. *Salem*, 136 Mass. 278.

The question now presented is, whether the statement of the place of her injury in her notice is a sufficient compliance with the statute. The only statement of the place is, that it was " on the sidewalk on Lafayette Street near Lagrange Street." Lagrange Street leads from the easterly side of Lafayette Street, and if we assume, as a fair construction of the notice, when applied to the premises, that it designates the easterly sidewalk of Lafayette Street, it does not indicate whether the part of the sidewalk northerly of Lagrange Street, or the part southerly of that street, was intended. The alleged defect was " the icy and slippery condition of the said sidewalk." The accident happened on November 21, and the notice was given on November 29, and it cannot be supposed that, at that season of the year, the sidewalk remained in the same icy condition for eight days, so that the alleged defect, as a permanent object, aided the description of the place at the time the notice was given.

As the notice described with equal accuracy two distinct localities, with nothing on the premises at the time the notice was given to indicate which was intended, we are of opinion that the place of the accident was not stated with such substantial accuracy as the statute requires. *Cronin* v. *Boston*, 135 Mass. 110.

The evidence offered was inadmissible. It could only show an oral notice, which was of no avail, or that the city clerk, acting as the agent of the plaintiff, wrote the notice, which was immaterial. He had no authority to write the notice as agent of the city. *Exceptions overruled.*