BENSON, Respondent, vs. THE CITY OF MADISON, Appellant, and KELLY, Respondent.

*November 5 — November 22, 1898.*

*Municipal corporations: Notice of injury by defective walk: Condition precedent: Primary liability of contractor: Instructions to jury: Special verdict: Inconsistent findings.*

1. The giving of a proper notice is, under sec. 1339, R. S. 1878, a condition precedent to the right to maintain an action against a city for an injury caused by a defective street. Such a notice must contain a sufficiently definite description of the place of the accident to enable the interested parties to identify it from the notice itself, and should also describe the alleged defect with such clearness as to enable the authorities to ascertain therefrom the exact grounds upon which the claim is based.

2. A notice which merely describes the place where the defect causing the injury complained of existed, as being a crosswalk on the south side of S. street at the intersection of S. and F. streets, and says that the ground was uneven and covered with loose stones and that the place where pedestrians had to walk was lower than

the sidewalk, and that the boards of the sidewalk stuck out and projected above the level of F. street, but does not state on which side of F. street the defect was to be found, *held* to be insufficient, where the actual defect relied on and found by the jury was the absence of an apron over the gutter from the sidewalk to the crosswalk.

3. In an action against a city and one who had repaired the street where the injury occurred under a contract by which he had agreed to hold the city harmless from damages occasioned by negligence in the performance of his work, to recover for an injury caused by a defect in such street, an instruction that, if the jury found that such contractor performed this work according to the plans and specifications furnished him by the city, and according. to the directions of the city engineer, then he was not chargeable with any wrong, default, etc., was erroneous, in the absence of any claim or proof that the engineer gave him any specific directions as to the matter which created the defect, or that the plans. and specifications provided therefor.

4. In such action, findings that the apron was not in place at the time of the accident, and that its absence was not through any default or negligence of the contractor, were inconsistent, where there was no evidence that it had been removed after the contractor had put it in place as testified by him.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

This action was brought to recover damages alleged to have been sustained by the plaintiff by reason of the insufficiency or want of repair of a certain crosswalk on the south side of State street at its intersection with Fairchild street, in the city of *Madison.* The notice served on the city, in describing the alleged defect, says that the crosswalk had been torn up, and the surface of the ground where pedestrians were compelled to walk was left rough and uneven, covered with loose stones, was lower than the sidewalk, and where the crosswalk would join the sidewalk the boards of the sidewalk stuck out and projected above the level of Fairchild street.

The complaint follows the notice substantially in its de-

scription of the alleged defect. The questions litigated on the trial and found in the special verdict with reference to the alleged defect were whether there was an apron extending from the old walk across the gutter to the macadam of the street, and whether there was a step from the level of the sidewalk down to the pavement in the street. The jury answered the first of these questions in the negative, and the second in the affirmative, and further found that the existence of the step was an "insufficiency or want of repair in the street in question." Other questions were propounded and answered, which were deemed sufficient to authorize the judgment for plaintiff and against the city.

The work of repairing Fairchild street was done by the defendant *Kelly* under a contract with the city to hold it harmless from damages occasioned by the negligent performance of the work. *Kelly* was made a party defendant under allegations that he was responsible for the defective condition of the street. His answer was that he replaced the apron leading from the Nolden corner easterly, and that no defect existed in the street at the time of the accident. The court charged the jury that, if he repaired the street according to plans and specifications prepared by the city, he could not be held liable. The jury found that the defect in the street was not caused by any default of *Kelly*. Judgment dismissing the complaint as to him, and against the city, was entered, from which the city appealed.

*John A. Aylward*, for the appellant.

For the respondent *Benson* there was a brief by *R. M. La Follette* and *G. E. Roe*, and oral argument by *Mr. Roe.* They argued, among other things, that the notice and complaint were sufficiently specific. No one examining the intersection of the streets named could be misled as to the place of the accident. *Hein v. Fairchild*, 87 Wis. 262; *Laird v. Otsego*, 90 id. 25; *Salladay v. Dodgeville*, 85 id. 318; *Barrett v. Hammond*, 87 id. 654; *Lane v. Madison*, 86 id. 453.

The verdict in favor of the contractor is sustained by the evidence. He did the work under the personal supervision of the city engineer, and there is no claim that he failed to follow his directions. *Kollock v. Madison,* 84 Wis. 458; *Toutloff v. Green Bay,* 91 id. 490; *Selleck v. Tallman,* 93 id. 246. Even if the judgment in favor of the contractor is not sustained by the evidence, that should not work a reversal of the judgment against the city. Stats. 1898, sec. 3071; *Braunsdorf v. Fellner,* 76 Wis. 1–18.

For the respondent *Kelly* there was a brief by *Jones & Stevens,* and oral argument by *E. Ray Stevens.* They contended that the contractor, being under the absolute control of the city engineer, was not liable if he did the work according to the plans and specifications and as ordered by such engineer. *Lockwood v. New York,* 2 Hilt. 66; *St. Paul v. Seitz,* 3 Minn. 297; *Cunningham v. Wright,* 28 Hun, 178; *Harper v. Milwaukee,* 30 Wis. 365; *Brusso v. Buffalo,* 90 N. Y. 679.

BARDEEN, J. The accident and resulting injury to the plaintiff, for which damages are claimed in this action, happened on the evening of December 5, 1894. Sec. 1339, R. S. 1878, as it then existed provided that no such action should be maintained unless, within ninety days from the happening of the event causing such damage, notice in writing should be served on the proper city officials, stating the place where such damage occurred, and describing generally the insufficiency or want of repair which occasioned it, and that satisfaction therefor was claimed of such city. The part of the notice served by the plaintiff in this case, describing the alleged defect in the street, and its location, is as follows: "On the south side of State street at the intersection of State street and Fairchild street." The insufficiency and want of repair of said street which occasioned such injury and damage are described as follows, to wit: "The cross-

walk on the south side of State street across Fairchild street was torn up, and the surface of the ground where pedestrians were compelled to walk was left rough and uneven; that the ground where said walk had been was covered with loose stones, which were permitted to lie where pedestrians had to walk, and were lower than the sidewalk on the south side of State street, where the said crosswalk should join said sidewalk, and boards of said sidewalk stuck out and projected above the level of said Fairchild street."

The complaint describes such defect as follows: "That said crosswalk, along which pedestrians upon the south side of State street were obliged to pass, was torn up, and rendered much lower than the sidewalk connecting therewith upon the east side and west side of Fairchild street, and was covered with loose stones and boards; that said sidewalk, at the point where said crosswalk connected with said sidewalk upon the south side of said State street and the westerly corner of Fairchild street where it connected with said State street, was sticking up, and covered with loose stones in such a way as to greatly impede travel." The complaint further alleged the absence of any light, guard, or barrier at the place in question. The accident is alleged to have occurred by the plaintiff stepping upon some of the loose stones which had been "permitted to be and remain upon said sidewalk and crosswalk, and was thereby caused to slip and tumble, and by reason thereof, and by reason of the elevation of the sidewalk above the crosswalk at said point, plaintiff was tripped, and thrown with great force and violence from said sidewalk out into the gutter of said street," and injured. It will be observed that the gravamen of the notice as well as of the complaint is that the crosswalk was lower than the sidewalk, and was covered with loose stones.

We turn now to ascertain the issue submitted to the jury, and find the following questions and answers in the special verdict: " (2) Was there, at the time you find this accident

happened to plaintiff, an apron extending from the old walk in front of Nolden's corner out and across the gutter and to the macadam of the ·street in question ?  *A*. No.  (3) Was there, on the evening you find this accident happened to plaintiff, a step from the level of the sidewalk or top of the gutter on the Nolden corner, down onto the pavement or gutter of the street where the brick walk now exists ?  *A*. Yes. (4) If you answer 'Yes' to question number 3, was such condition an insufficiency or want of repair in the street in question ?  *A*. Yes."

Thus it will be seen that the real defect upon which a recovery in this action was based is that there was a step down from the top of the gutter to the pavement on the westerly side of Fairchild street, at its intersection with State street, and the absence of an apron.  In view of this finding, the appellant insists that the notice was insufficient, and that there is a fatal variance between the notice, complaint, and proof offered.  The object and purpose of the statutory notice is not only to apprise the municipality of the location and nature of the alleged defect, but to give the officials an opportunity to look up and preserve evidence of the conditions there existing, before the matter has become stale and forgotten, and to determine its liability.  Whether or not a notice is sufficient for that purpose must depend somewhat upon the circumstances of each case.  To be legally sufficient, a notice must contain a sufficiently definite description of the *place* of the accident to enable the interested parties to identify it from the notice itself.  It should also describe the alleged insufficiency with such clearness as to enable the authorities to ascertain therefrom the grounds upon which the claim is based.

This court has been very liberal in upholding such notices when it was evident that the municipal authorities had not been deceived or misled thereby.  *Salladay v. Dodgeville*, 85 Wis. 318; *Hein v. Fairchild*, 87 Wis. 258; *Laird v. Otsego*, 90

Wis. 25.  But there is a limit beyond which we cannot pass. The notice in this case is most vague, uncertain, and indefinite when applied to the facts proven on the trial and found by the jury.  The recovery sought is based upon alleged imperfections in a crosswalk "on the south side of State street at the intersection of State street and Fairchild street."  This description of the location might have been sufficient if the remainder of the notice had described the insufficiency in such terms as to enable the city authorities to determine on which side of Fairchild street it was to be found.  There is absolutely nothing in the notice which would advise the defendant that the plaintiff was relying upon the absence of an apron across the gutter on the west side of Fairchild street, or upon the fact that there was such a step from the top of the gutter to the pavement at that point as to render it unsafe and dangerous.  The notice says that the ground was rough and uneven, and covered with loose stones, and that the place where pedestrians had to walk was lower than the sidewalk, and that the boards of the sidewalk stuck out and projected above the level of Fairchild street.  The notice ingeniously avoids and omits giving any information as to the exact nature of the defects relied upon.  The complaint follows the notice with the same ingenuity.  It says the plaintiff stepped on some loose stones, and was thereby caused to slip and tumble, and was tripped, and thrown from the sidewalk to the gutter, and injured.  There is not a syllable of proof in the case to support this latter statement.  There is no proof that the street was rough or uneven, or that it was covered with loose stones or boards.  The conclusion seems irresistible that the notice fails to describe the defects found by the jury in any substantial particular.  The defect relied on was the absence of an apron over the gutter, thus leaving a step.  Both the notice and the complaint seem to have been formed to give as little light as possible to the defendants as to the exact nature of the defect relied upon.  The proof

failed to correspond either to the statement in the notice or to the allegations of the complaint.

The giving of a proper notice is a condition precedent to the right to maintain an action for an alleged injury on the street. *Weber v. Greenfield*, 74 Wis. 234. A defective notice, or a notice so variant from the facts proven as to clearly show that the municipal authorities may have been misled, is equally fatal.

The undisputed evidence shows that the apron theretofore existing at the place in question had been removed by the defendant *Kelly*. His contention on the trial was that he had replaced the apron some days prior to the accident. The jury found that the apron was not in place, and, in answer to another question, that the alleged insufficiency was not caused by any wrong, default, or neglect of *Kelly*. In charging the jury with reference to this question, the court said: " If you find that *Mr. Kelly*, or his employees under his direction, performed this work according to the plans and specifications furnished him by the city, and according to the directions of the city engineer, then he is not chargeable with any wrong, default, or neglect on his part, and your answer to this question will be ' No.' " There is no claim that the city engineer gave him any specific directions as to the apron in question, or that the plans and specifications provided that this apron should be removed, and a defect created, to remain during the progress of the work. On the contrary, *Kelly* was to so conduct the work as to save the city harmless from liability. If the removal of the apron created a defect, and *Kelly* suffered it to remain unprotected and without guards, he was primarily liable to a person injured thereby; and the instructions given the jury were clearly erroneous.

Again, under the proof, the special verdict was clearly inconsistent. *Kelly's* only defense was that he replaced the apron before the accident, and considerable evidence was·

offered tending to show that it was in place at the times plaintiff's witnesses say it was not there. The jury found that the apron was not there at the time of the accident, and also that its absence was not through any default or neglect of *Kelly.* The only theory upon which these findings can be reconciled is that the apron must have been removed by some person after it had been put in place by *Kelly.* The difficulty is, there is no evidence upon which any such inference can be based. If *Kelly's* evidence is to be believed, the apron was in place up to the very day of the accident. *Kelly* says: "I was over this walk between the 2d of December and the morning of the 6th of December. I used to go over it every day, most, up town. *The apron was there on each occasion when I walked over it.*" We are unable to reconcile these findings upon any reasonable construction of the evidence.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.