BARRIBEAU *v.* CITY OF DETROIT.

MUNICIPAL CORPORATIONS—PERSONAL INJURIES—DEFECTIVE SIDE-
WALKS—NOTICE OF INJURY — SUFFICIENCY — DETROIT CHARTER.
A notice of claim for injury on a defective sidewalk, served on
the corporation counsel of Detroit, which merely states that
the injury was caused by a defective sidewalk at the corner
of certain named streets is insufficient under the charter
(section 46, Act No. 463, Local Acts 1895), there being four
corners at a street intersection, and the description of the
place not being sufficiently specific to aid the description of
the defect.

Error to Wayne; Rohnert, J.    Submitted December 5,
1906.    (Docket No. 44.)    Decided February 5, 1907.

Case by Dulice Barribeau against the city of Detroit for
personal injuries.    There was judgment for defendant on
a verdict directed by the court, and plaintiff brings error.
Affirmed.

It is one of the provisions of the charter of the city of
Detroit that:

"No action shall be brought against said city, nor any
of its boards, commissions or officers, for any negligent
injury unless it be commenced within one year from the
time when the injury was received, nor unless notice
shall be given in writing within three months from the
time of such injury to the head of the law department or
to his chief assistant of the time, place and cause of such
injury and of the nature thereof."    Section 46, Act No.
463, Local Acts 1895.

A notice of which the following is a copy was served
upon the corporation counsel:

"DETROIT, MICHIGAN, Aug. 13, 1904.
"To the Hon. T. E. TARSNEY,
        "Corporation Counsel,
                "City.
"*Dear Sir:* Take notice:    That on Saturday, July 16

1904, Miss Dulice Barribeau was injured by falling on a defective and improperly constructed sidewalk at corner of Howard and Twenty-First streets. Her injuries consisted of dislocation of wrist and fracture of radius of the right arm and numerous other serious and painful injuries.

" Without waiving any right she may have to recover full and adequate damages for the injury she has sustained by reason of the failure of the city of Detroit to provide and maintain a proper and safe sidewalk at the place above named, and for the purpose of avoiding the expense and annoyance of litigation, she will accept the sum of one thousand dollars ($1,000), in full settlement of her claim against the said city of Detroit by reason of the injuries above described.

"A. L. RICHARDSON,
" Attorney for Dulice Barribeau.

"Business address: Legal Department P. M. R. R. Co., Detroit, Mich."

Suit was begun against the city by declaration, filed March 28, 1905, which contains the following averments:

"At a point at the intersection of the north side of Howard street with the east side of Twenty-First street, the sidewalk on the said streets, at the point aforesaid, had become in an unsafe, improper, and dangerous condition, to wit: The sidewalk on the east side of Twenty-First street immediately north of the north line of Howard street was built of cement, and the sidewalk on the east side of Twenty-First street immediately south of the north line of Howard street was built of planks on a level about eight inches higher than the level of the cement sidewalk immediately north of it, so that there was an abrupt rise of about eight inches in the sidewalk on the east side of Twenty-First street at the north line of Howard street, and at said rise there was an open and unguarded space of about six inches between the top of the cement sidewalk and the bottom of the planks in the plank sidewalk so that a pedestrian stepping from said cement sidewalk upon said plank sidewalk was in danger of catching his foot under the edge of the most northerly plank in said plank sidewalk and being thrown upon said plank sidewalk, so that the said sidewalk was not in a condition reasonably safe and fit to be traveled upon;" and that while the plaintiff was " passing along the side-

walk on the east side of Twenty-First street at the point aforesaid, where the same had become unsafe, she, the plaintiff, was violently thrown to the sidewalk by reason of catching her foot under or stumbling over the planks, at the place of the abrupt rise aforesaid."

There was a plea of the general issue with notice that defendant would insist in its defense that no sufficient notice of the claim, of the time, place, and cause of the injury, and of the nature thereof, was ever served upon the corporation counsel or his chief assistant. The cause coming on to be tried, the plaintiff proved service of the said notice, and, further, the filing with the city clerk of a petition reading:

"DETROIT, MICH., Sept. 29, 1904.
"To the Hon. MEMBERS OF CITY COUNCIL,
"City.

"*Gentlemen:* Your petitioner, Dulice Barribeau, by her attorney, Austin L. Richardson, represents that on July 16, 1904, she was seriously injured by falling on a defective and improperly constructed sidewalk at the intersection of the north side of Howard street with the east side of Twenty-First street. Her injuries consisted of a dislocation of wrist and fracture of the radius of the right arm, and numerous other serious and painful injuries. She hereby makes claim for the damages sustained by her as above described. Without waiving any right that she may have to recover full and adequate damages for the injury she has sustained by reason of the failure of the city of Detroit to provide and maintain a proper and safe sidewalk at the place above named, and for the purpose of avoiding the expense and annoyance of litigation, she will accept the sum of one thousand dollars ($1,000.00) in full settlement of her claim against the said city of Detroit by reason of the injuries above described.

"A. L. RICHARDSON,
"Attorney for Miss Dulice Barribeau.
"Business address: Fort St. Station, Detroit, Mich."

This was, on October 5, 1904, presented to the common council, referred to the committee on claims, and no further action taken. It was admitted that the following correspondence was had:

"DETROIT, MICH., Nov. 4, 1904.
"Hon. TIMOTHY TARSNEY,
          "Corporation Counsel,
                    "Detroit, Mich.
     "Dear Sir: On July 16, 1904, Miss Dulice Barribeau received injuries, caused by falling on a defective walk. On August 15 notice was served on you, and on Sept. 29th on the city council an offer of settlement was made.
     "The city has had a reasonable time in which to adjust this claim, but it has not done so, and so we hereby give you notice that unless this matter is adjusted before Nov. 15, 1904, suit will be commenced. Please acknowledge receipt of this letter.
                    "Yours very truly,
                         "A. L. RICHARDSON,
                    "Atty. for Miss Barribeau."

                    "DETROIT, MICH., Nov. 5, 1904.
"A. L. RICHARDSON,
          "Legal Department P. M. R. R. Co.,
                    "Detroit, Michigan.
     "Dear Sir: Your letter of the 4th inst. re Barribeau claim has been received. The matter of the claim has been referred to the committee on claims of the council, and is there pending and will be heard in its regular order. We remain,
                    "Very truly yours,
                         "TIMOTHY E. TARSNEY,
                              "Corporation Counsel."

     To the introduction of further testimony it was objected that the notice served upon the corporation counsel did not sufficiently describe the place and cause of the injury alleged in plaintiff's declaration, and upon the motion of counsel for defendant the court, for the reason that the place of the injury was not sufficiently specified, directed a verdict for defendant. Later, a motion to set aside the verdict and grant a new trial was made and denied. In directing a verdict, and also in denying the motion for a new trial, the court stated there are four corners at Howard and Twenty-First streets and the rule which was stated and applied in denying the new trial was:

     "I think it is sufficient objection to the notice if the

court cannot say, as a matter of law, from the notice itself that the corporation counsel could not be misled by it."

One ground for a new trial asserted was that, in directing a verdict before plaintiff had closed her proofs, she was prevented from showing, by parol, that the notice was sufficiently accurate to enable the corporation counsel, by the exercise of reasonable diligence, to locate the defect in the sidewalk to which the notice related. Plaintiff having brought the record of the proceedings here by writ of error, the writ was dismissed because no judgment had been entered. *Barribeau* v. *City of Detroit*, 146 Mich. 392. Later, by agreement of counsel, a judgment nunc pro tunc the issuing of the writ of error was entered, for which reason, no others being considered, and upon stipulation of counsel, the cause is regarded as pending in this court.

*Charles McPherson* and *John C. Bills*, for appellant.

*J. Walter Dohany* and *Denton Guinness* (*Timothy E. Tarsney*, of counsel), for appellee.

Ostrander, J. (*after stating the facts*). The objections to the notice are (1) that the cause of the injury —the defect in the sidewalk—is not sufficiently stated; (2) that the place where the injury occurred is not located with sufficient certainty.

1. In *Oesterreich* v. *City of Detroit*, 137 Mich. 415, the notice set out that claimant "suffered an injury by reason of a defective sidewalk" and that "the cause of the injury was a defect in the sidewalk laid along Biddle street at said place," describing the place. The notice was held to be sufficient. In *Tattan* v. *City of Detroit*, 128 Mich. 650, the notice stated the cause of the injury to be "by my falling on a defective sidewalk." These cases must be held to rule the present case, on this point, unless it can be said that, because of a more precise description of the place of the injury, in each of those cases, the state-

ment of the cause of the injury was aided and made sufficiently certain. In the case first above cited, the place was described as at a certain point, on a certain side of a certain street, between two certain streets, named, and "about one hundred feet westerly of" one of said streets. In the *Tattan Case*, after stating that the cause of the injury was "falling on a defective sidewalk," the notice proceeds:

"Said defective sidewalk was * * * on the south side of Cherry street, between Sixth and Seventh streets, and extending from Seventh street to the first alley east of Seventh street."

It is not made a ground of the decision, in either case, that the statement of the cause of injury was aided by the description of the place of injury. It is apparent, however, that in each case it was, to some extent, so aided, by the precision of statement used to designate the place.

2. The learned trial judge, in delivering his opinion, stated:

"There are four corners at Howard and Twenty-First streets, not only the street crossings but also the walks in front of the lots at the corners which might be covered by this designation of the location. There are the city crossings as well as the walks in front of the lot. By crossings I mean not only the street crossings, but also the sidewalks built on the corners, in the angles between the extended lines of the front and side of the corner lots. By the walks in front of the lot I mean the walks abreast of the lots within the side lines of the lot extended."

The truth of the facts is not questioned. Counsel for plaintiff are undoubtedly correct in saying that, in a given case, a description of the most general character, when applied to the ground, may locate the place with the utmost exactness (*Carr* v. *Ashland*, 62 N. H. 665), and in such a case the notice itself might seem to be defective, when, aided by intelligent application of the facts stated, by testimony, or by judicial cognizance, it would be found

to be precise and definite.  See, also, *City of Lincoln* v. *O'Brien,* 56 Neb. 761; *Connor* v. *Salt Lake City,* 28 Utah, 248; *Harder* v. *City of Minneapolis,* 40 Minn. 446.  The rule in New Hampshire is, in *Carr* v. *Ashland,* thus stated:

"If the statement so designates the place that the officers of the town, being men of common understanding and intelligence, can, by the exercise of reasonable diligence and without other information from the plaintiff, find the exact place where it is claimed the damage was received, it is in this respect sufficient because it fully answers the purpose of the statute.  Whether upon the information contained in the statement the place could be found by the exercise of reasonable diligence is a question of fact, to be determined upon the evidence by the court at the law term."

The rule adopted by some of the courts to the effect that the sufficiency of the notice must be determined in the light of extraneous evidence showing the situation and surroundings of the place sought, upon the trial, to be proved to be the place of the injury, ought not to be adopted without restrictions.  The requirement that a notice be given is not alone for the purpose of affording the officers of the city opportunity for investigation.  It is also for the purpose of confining the plaintiff to a particular "venue" of the injury.  In determining the sufficiency of the notice, excepting perhaps as to the time of the injury, the whole notice and all of the facts stated therein may be used and be considered to determine whether it reasonably apprises the officer upon whom it is required to be served of the place and the cause of the alleged injury.  The nature of the defect stated may aid in locating the place, and the place may be stated with such particularity that a very general statement of the defect (cause of the injury) may be aided.  *Sargent* v. *City of Lynn,* 138 Mass. 599.  But to be legally sufficient, a notice must contain a description of the place of the accident so definite as to enable the interested parties to identify it from the notice itself.  *Benson* v. *City of*

*Madison,* 101 Wis. 312; *Carr* v. *Ashland,* 62 N. H. 665; *Larkin* v. *City of Boston,* 128 Mass. 521; *Rogers* v. *Inhabitants of Shirley,* 74 Me. 144; *Lee* v. *Village of Greenwich,* 48 App. Div. (N. Y.) 391. This rule permits a construction of the statute provision which does not emasculate it and one which is in accord with the opinions of this court in *Brown* v. *City of Owosso,* 126 Mich. 91; *Tattan* v. *City of Detroit* and *Oesterreich* v. *City of Detroit,* supra. When parol evidence is required to determine both the place and the nature of the defect, a reasonable notice has not been given to the city.

There is in this case no question of waiver of a proper notice, and it is clear, from the allegations of the declaration, that no fair attempt was made to give to the corporation counsel the notice which the charter contemplates shall be given. The court below reached a right conclusion, and the judgment is affirmed.

GRANT, BLAIR, MONTGOMERY, and HOOKER, JJ., concurred.