## Albert L. Reichert, Plaintiff in Error, v. City of Chicago, Defendant in Error.

## Gen. No. 16,248.

1. NOTICES—*how sufficiency of, to city, of personal injury, determined.* The sufficiency of a notice required by a city is a question of law for the court and its sufficiency must be determined from the notice itself.

2. NOTICES—*what exactitude required of, to city, of personal injury.* Notice required by the statute need not be so full and exact as is

required of a declaration, yet in determining the sufficiency of a notice the court must take into account all its essentials.

3. NOTICES—*when, to city, of personal injury, not sufficient.*  *Held,* that a notice which designated the place of an accident as having occurred "at or near" a certain specified street intersection is not sufficiently specific and does not comply with the statute.

Action in case for personal injuries.  Error to the Superior Court of Cook county; the HON. WM. H. McSURELY, Judge, presiding.  Heard in the Branch Appellate Court at the March term, 1910.  Affirmed. Opinion filed April 19, 1912.

ELMER M. LEISSMAN, for plaintiff in error.

EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for defendant in error; EDWARD C. FITCH, of counsel.

MR. PRESIDING JUSTICE BALDWIN delivered the opinion of the court.

Plaintiff in error, by next friend, brought an action in the Superior Court of Cook county against the city of Chicago for injuries claimed to have been received through the negligence of the city.  Upon a trial before a jury, when plaintiff offered the notice required to be served upon the city by Chapter 70 of the Revised Statutes of Illinois, the city objected to the notice as being insufficient, which objection the court sustained and dismissed the suit; whereupon plaintiff brought the cause here to reverse the action of the court below.

Upon this record, the only question before us is whether or not the notice offered, and which the court excluded, was and is sufficient to meet the requirements of Sections 7 and 8, Chapter 70, Revised Statutes of Illinois.  The material part of the notice was and is as follows:  That the injured person "was injured by a defective street lamp of the said city, by the negligent care of the said lamp by the said city, by the misfeasance of said city with regard to its con-

struction, operation, equipment, location, position, management, control; the management, care and control of a street lamp of the street and sidewalk and of each of them, possessed by and controlled by the said city, and by the misfeasance, malfeasance and nonfeasance of the said city in and about its property and of property under its operation, management and control, * * * at and near the intersection of La Salle street with Madison street, in the said city of Chicago."

The city objected to the notice specifically upon the ground that it did not state the place the accident occurred.

Section 7 of Chapter 70, R. S., requires that there shall be filed, "a statement in writing, * * * giving (1) the name of the person to whom such cause of action has accrued; (2) the name and residence of the person injured; (3) the date and about the hour of the accident; (4) the place or location where such accident occurred; (5) the name and address of the attending physician, (if any)." And section 8 provides that if the notice thus required shall not be filed, then any suit brought on said claim against a city or village shall be dismissed and the cause of action for personal injury shall be barred.

Both upon authority and upon principle, we think it clear that the sufficiency of the notice required by the city is a question of law for the court, and that its sufficiency must be determined from the notice itself. Wikel v. City of Decatur, 146 Ill. App. 51; Barribeau v. City of Detroit, 147 Mich. 119; Benson v. City of Madison, 101 Wis. 312.

In determining the sufficiency of the notice, we must take into account the fact that a city is primarily a govermental agency, organized for the benefit and advantage of the community at large, and that all reasonable means should be used to enable it to pro-

tect itself against a loss of public funds by the paying of false claims on account of personal injuries received, or otherwise. As one of the means to that end, the statute requiring the notice was adopted.

It is now well settled that the service of an adequate notice is a condition precedent to recovery, which the plaintiff must allege and prove. Erford v. City of Peoria, 229 Ill. 546; Walters v. City of Ottawa, 240 Ill. 259. And it has been expressly held that the Legislature may prescribe the conditions precedent under which cities shall be held liable to persons injured by using streets and sidewalks. Ouimette v. City of Chicago, 242 Ill. 501.

It is not sufficient that the plaintiff allege and prove the service of some kind of a notice, but it must be of such a notice as the statute requires. In determining whether the notice is in compliance with the statute, the court must have regard not only to the phraseology of the statute itself, but also to the purpose for which it was enacted.

While the notice is not technically a pleading, nor governed by the strict rules of pleading, yet it is a prerequisite and must, in itself, meet the conditions required by the statute. The notice required by the statute need not be so full and exact as is required of a declaration, yet, in determining the sufficiency of a notice, the court must take into account all its essentials. The purpose of the notice is not only to enable the city to intelligently investigate the alleged claim, but that it may prepare its defense thereto. It is impossible to say that this notice furnished such particulars. If the accident was due to a defective lamp "at or near" the intersection of two streets, must the city be prepared, at its peril, to meet proof of an accident occurring by reason of some defective street lamp on or near any one of the four corners of the street intersection in question? We do not

think so.  It cannot be deemed "technical" to require that the plaintiff shall meet the plain conditions required by the statute with respect to the notice, any more than it would be to require that the plaintiff allege and prove an actual injury as a result of the city's negligence.

A notice which fails to correctly describe the date of the accident, has been held insufficient.  Ouimette v. City of Chicago, *supra*.  In the case at bar it is apparent that the allegation in the notice, as to the place of the accident, would be met by proof that it occurred "at and near" any one of the four corners at the intersection of La Salle and Madison streets.  Can a description which applies equally to one of four several places accurately be said to specify the place or location of the accident?  In Barribeau v. City of Detroit, *supra*, the notice stated that the plaintiff was injured by falling on a defective and improperly constructed sidewalk "at the corner of Howard and Twenty-first streets."  The trial court directed a verdict for the defendant upon the ground that the place of injury was not adequately specified in the notice.  This action was affirmed in the Supreme Court, which used the following language:

"The requirement that a notice be given is not alone for the purpose of affording the officers of the city opportunity for investigation.  It is also for the purpose of confining the plaintiff to a particular 'venue' of the injury.  In determining the sufficiency of the notice, excepting perhaps as to the time of the injury, the whole notice and all of the facts stated therein may be used and be considered to determine whether it reasonably apprises the officer upon whom it is required to be served of the place and the cause of the alleged injury.  The nature of the defect stated may aid in locating the place, and the place may be stated with such particularity that a very general

statement of the place of the defect (cause of injury) may be aided. Sargent v. City of Lynn, 138 Mass. 599. But to be legally sufficient, a notice must contain a description of the place of the accident so definite as to enable the interested parties to identify it from the notice itself. Benson v. City of Madison, 101 Wis. 312, 77 N. W. 161; Carr v. Ashland, 62 N. H. 665; Larkin v. Boston, 128 Mass. 521; Rogers v. Shirley, 74 Me. 144; Lee v. Village of Greenwich, 48 App. Div. 391, 63 N. Y. Supp. 160. This rule permits a construction of the statutory provision which does not emasculate it and one which is in accord with the opinions of this court in Brown v. City of Owosso, 126 Mich. 91, 85 N. W. 256; Tatlan v. City of Detroit, *supra,* and Oesterreich v. City of Detroit, *supra.* When parol evidence is required to determine both the place and nature of the defect, a reasonable notice has not been given to the city.''

In Benson v. City of Madison, *supra,* cited in the Barribeau case, the notice described the place as being ''on the south side of State street at the intersection of State street and Fairchild street,'' the Supreme Court reversed the trial court, and held that the notice was insufficient. It said in part:

''To be legally sufficient, a notice must contain a sufficiently definite description of the *place* of the accident to enable the interested parties to identify it from the notice itself. It should also describe the alleged insufficiency with such clearness as to enable the authorities to ascertain therefrom the grounds upon which the claim was based.

''This court has been very liberal in upholding such notices when it was evident that the municipal authorities had not been deceived or misled thereby (citing cases). But there is a limit beyond which we cannot pass. The notice in this case is most vague, uncertain and indefinite when applied to the facts proven

on the trial and found by the jury. The recovery sought is based upon alleged imperfections in a crosswalk 'on the south side of State street at the intersection of State street and Fairchild street.' This description of the location might have been sufficient if the remainder of the notice had described the insufficiency in such terms as to enable the city authorities to determine on which side of Fairchild street it was to be found."

While it is true that, under the laws of Wisconsin, it is required that not only the place and location where the accident occurred shall be given, but also a description of the defect, yet this does not weaken the authority of the case upon the point for which we are quoting its language.

In Lee v. Village of Greenwich, 48 N. Y. App. Div. 391, 394, the court says:

"If the notice is designed to serve any useful purpose by way of calling the attention of the authorities to the actual facts and conditions which existed at the time and place which caused the accident, and so aid them in forming a judgment as to settlement, it is plain that such a notice as to accidents of that nature should be, as to 'time' and 'place', specific and not general, and should be as definite and exact as the claimant can reasonably make it. Such a notice is conclusive upon the claimant in any action afterwards brought for injuries sustained; the time and place cannot be shifted to suit conditions on other days and at other places."

Concurring, as we do, with the views expressed in these opinions, we think the court below did not err in holding that the notice was insufficient under the statute, and its action will, therefore, be affirmed.

*Judgment affirmed.*