MARY HILL, Plaintiff in Error, v. THE CITY OF CHATTANOOGA, Defendant in Error.

Middle Section.  March 19, 1932.

Petition for Certiorari denied by Supreme Court, June 4, 1932.

Thach & Thach, of Chattanooga, for plaintiff in error, Mary Hill. J. W. Anderson, of Chattanooga, for defendant in error, City of Chattanooga.

CROWNOVER, J.  This was an action for $3,000 damages for personal injuries received while walking on the streets of the City of Chattanooga, caused by stepping into a hole in the street.

The plaintiff alleged in her declaration that on the night of July 6, 1930, while she was walking west along Thirty-fourth Street and was crossing Sixth Avenue at the corner of Thirty-fourth Street she stepped into a hole which the defendant had negligently allowed to remain there and was caused to fall and was injured.

Prior to filing her suit, the plaintiff, on July 8, 1930, mailed a notice to the Mayor of the City, which is in part:

"You are hereby notified that I, Mary Hill, residing at 3901 Clio Avenue (East Lake), Chattanooga, Tennessee, was injured on July 6, 1930, between the hours of 8:00 and 9:00 P. M., being about 8:30 P. M., while walking along East Thirty Fourth Street at or near the intersection of said street with Sixth Avenue.

"The street was dangerous, defective and out of repair in that there was an opening in the street, being a hole five or six inches in diameter and several inches deep."

The defendant pleaded not guilty. The case was tried by the judge and a jury. At the close of plaintiff's proof the defendant moved the court to direct a verdict in its favor, because the notice to the City of the accident and injury did not definitely state the place where the plaintiff received her injuries, as required by chapter 55 of the Acts of 1913, which motion was sustained by the court and the jury was directed to return a verdict in favor of defendant. Accordingly the jury returned a verdict for the defendant and judgment was so entered.

Motion for a new trial having been overruled, plaintiff appealed to this court, and has assigned as error the court's action in directing a verdict.

Mary Hill, on the night of July 6, 1930, was walking west on Thirty-fourth Street, pushing her baby carriage along the sidewalk. When she reached the intersection of Thirty-fourth Street and Sixth Avenue she could not continue on the sidewalk because there was a pile of debris on the sidewalk at that point. She turned from the sidewalk into the street, pushing the carriage in front of her. When she had gotten two or three feet from the sidewalk she stepped into a hole in the street, which caused her to fall, spraining her ankle and leg and bruising her knee. The hole was about six inches in diameter and twelves inches deep. A drain pipe had been crushed by some vehicle, making this hole. Other witnesses testified that the hole had been in the street for a period of six weeks to two months prior to the accident.

The only question to be determined in this case is the sufficiency of the notice.

The Tennessee cases of City of Knoxville v. Felding, 153 Tenn., 586, 285 S. W., 47; City of Nashville v. Nevin, 12 Tenn. App., 336; and Sneed v. City of Memphis, 6 Tenn. App., 1, have reviewed all the Tennessee decisions upon the statute, chapter 55 of the Acts of 1913, and restated the rule that the statute must be strictly observed. Said statute requires a notice to be served on the Mayor of the municipality, stating the time and place where said injury was received and the general nature of the injuries.

A description of the place of the injury as being at or near the intersection of two streets, has been held too indefinite, in some states having a similar statute. 43 C. J., 1198-9; Carr v. Ashland, 62 N. H., 665; Barribeau v. City of Detroit, 110 N. W., 512, 147 Mich., 119; Benson v. City of Madison, 101 Wis., 312, 77 N. W., 161; Dalton v. Salem, 139 Mass., 91.

But the plaintiff, in her notice, goes on to describe the hole in the street that caused the injury, and the City authorities could have gone to this street intersection and upon investigation could have

found the hole, as it was not shown that there was any other hole at or near that intersection.

In the recent case of City of Nashville v. Nevin, 12 Tenn. App., 336, the plaintiff in his notice to the City described the place of injury as ''at the northwest corner of Church Street and Eighteenth Avenue, North, Nashville, Tennessee, on the sidewalk.'' But the notice further stated that the plaintiff was injured by slipping down upon the sidewalk which at the time was covered with ice and snow; that the ice was formed on the sidewalk ''as the result of a city hydrant at the yard being left open, and a stream of water poured down and ran across the sidewalk.'' The court held that a man of reasonable intelligence, exercising proper diligence, going to the northwest corner of Church Street and Eighteenth Avenue, North, would immediately find the hydrant in a yard on either street, if it was there, and conclude that the ice was formed on a sidewalk on which the yard abutted and very near the hydrant, therefore the notice was not so indefinite in describing the place of injury as to be insufficient.

In the case of Sargent v. Lynn, 138 Mass., 599, the plaintiff sent the following notice to the City:

''To the City of Lynn. You are hereby notified that on the evening of April 21, 1881, at the corner of Washington and Oxford Streets in said Lynn, I was injured and received damage in consequence of the defective condition of the sidewalk at said point, the concrete having been taken up part of the way and the remainder left, which stood up above the other part of the walk, and in traveling along said walk and using due care I stumbled against said concrete so remaining, and fell, striking the curbstone upon my face and sustaining a very severe injury. You are therefore hereby notified that I shall look to the City of Lynn for remuneration for said injury.''

On motion of defendant the trial judge ruled that the notice was insufficient, but the Supreme Court said:

''The omission to mention the particular corner of Washington Street and Oxford Street does not render the notice invalid. The minute description of the nature of the defect aids in fixing the place. There is no occasion for us to assume that the city had left such a defect at more than one corner of these streets. Whether the description of the place of the defect as in the sidewalk was strictly accurate or not (which may be open to question), we cannot see that an officer of the city, with the notice in his hand, looking for the alleged defect, would have any doubt as to the precise spot. This is all that the statute requires.''

In the case of Sweeney v. City of New York, 225 N. Y., 271, the plaintiff was injured by stumbling "over a defective cover of a hole in the sidewalk on the side of Pacific Street near the Twenty-third Regiment Armory." Her father wrote a letter to the finance department of the city, giving the time of the accident and adding: "There is a coal or vent hole in the sidewalk over which has been placed a wooden cover which protrudes two or more inches above the sidewalk, one portion of which is broken off." The Supreme Court held that the place of the accident was sufficiently indicated, saying:

"In the case at bar the street was given, the sidewalk, the approximate location upon it of the accident, the nature of the obstruction and a detailed description of it which could hardly have been mistaken. The attention of the city authorities was clearly called to precisely what was complained of. The point of the accident was definitely indicated."

In the case of Carr v. Ashland, 62 N. H., 665, the Supreme Court of New Hampshire said:

"The object of the statute in requiring a statement of the place where damage is received to be filed with the town-clerk within ten days, is to enable the town authorities to examine the place shortly after the alleged injury, and before the condition of the highway is materially altered by the action of the elements or otherwise, to the end that they may judge for themselves whether the plaintiff has a just cause of action, and take measures to protect the town from unfounded claims. If the statement so designates the place that the officers of the town, being men of common understanding and intelligence, can, by the exercise of reasonable diligence and without other information from the plaintiff, find the exact place where it is claimed the damage was received, it is in this respect sufficient because it fully answers the purpose of the statute."

A notice that described the location of the defect as "a hole in the sidewalk situated between Hotel Cleaves and Dunbar Brothers' store upon town way in said town of Sullivan," was held to be sufficient, where it was shown that the distance was three hundred and fifteen feet. Hutchings v. Sullivan, 90 Maine, 131; Chapman v. Nobleboro, 76 Maine, 427; Lyman v. Hampshire, 138 Mass., 74.

"A notice under that section stated that the plaintiff was passing over the sidewalk on the north side of Q street between Eighteenth and Twentieth streets, and 'stepped into a hole in the sidewalk, which was in a bad state of repair.' Although a space of two city blocks was described, held, that the notice was good, as it stated that the sidewalk was in bad repair, and that plaintiff stepped through a hole therein, there being no proof

that such conditions existed at more than one spot in the space described. No presumption of negligence at other places can be indulged to relieve the city from liability." City of Lincoln v. O'Brien, 56 Neb., 761.

"There is no proof that there were any holes elsewhere along the two blocks described, and we cannot presume that the city was so generally neglectful of its duty that there were other places where the sidewalk was in bad repair and contained holes which one might step into within the two blocks named. From the notice it appears that the sidewalk where the injury occurred was in bad repair and that the plaintiff stepped through a hole therein." City of Lincoln v. O'Brien, supra.

If in addition to locating the place of the accident at or near the intersection of the streets, the notice goes further and points out the particular defect which caused the injury in such manner as to tie it to the description of the place and to the intersection, it seems entirely clear, in the light of the language used in the decisions, that such notice is sufficient. See, Nagle v. City of Billings (Mont.), 260 Pac., 717.

We are of the opinion that men of "common understanding and intelligence" could, by the exercise of reasonable diligence, have found the exact place where the injury was received, therefore the notice is sufficient and answers the purpose of the statute.

It results that the judgment is reversed and the cause will be remanded to the Circuit Court of Hamilton County for a new trial. The cost of the appeal is adjudged against the City of Chattanooga for which execution may issue, but the adjudication of the cost that accrued in the lower court will await the final determination of the case.

Faw, P. J., and DeWitt, J., concur.