GIDCOME *et al. v.* CITY OF NASHVILLE *et al.*

(*Nashville,* December Term, 1940.)

Opinion filed February 1, 1941.

296

H. C. Patterson and W. S. Noble, both of Nashville, for plaintiffs.

W. C. Cherry, City Attorney, and Charles G. Blackard and E. C. Yokley, Jr., Assistant City Attorneys, all of Nashville, for defendants.

Mr. Justice McKinney delivered the opinion of the Court.

The record contains two suits which were consolidated for hearing. Plaintiffs took a nonsuit as to all defendants except the City of Nashville.

Pearl Marjorie Gidcome in her suit seeks to recover damages from the City for injuries received due to an alleged defective sidewalk. In the other suit her husband, Herbert Eugene Gidcome, sues for loss of services of his wife, etc.

The City duly filed its written motion to dismiss the suits because the statutory notice as a condition precedent to sue was defective in this:

"First, the notice on its face shows that the suit was instituted before notice was given.

"Second, because the notice is indefinite as to the place where the alleged accident occurred.

"Third, because there is no legal service of the notice."

This motion was sustained by the trial court, and plaintiffs have brought the cases to this court and have assigned the action of the trial court in dismissing their suits for error.

The involved notice is as follows:

"November 21st, 1938.

"Hon. Thomas L. Cummings,

"Mayor of Nashville,

"Nashville, Tennessee.

"Dear Sir:

"As required by law, we send you the following notice:

"On or about the 11th day of November, 1939, Pearl Marjorie Gidcome sustained serious and permanent injuries of her right foot, left hand, left kneecap, and joint, right hip and lumbar region of her back, as well as other injuries to her head, body and limbs, of a serious and permanent character.

"All of the above injuries were directly and proximately caused by the negligent condition of the sidewalk along the north side of Jefferson Street at a point ——— feet

east of the east line of 10th Avenue North, within the corporate limits of the City of Nashville, Tennessee.

"This notice is in fulfillment of the requirements of Section 4469a1 of the 1917 Edition of Shannon's Code of Tennessee.

"To recover damages for the above described injuries Pearl Marjorie Gidcome and her husband, Herbert Eugene Gidcome, have this day filed suits in the Circuit Court of Davidson County, Tennessee, against the City of Nashville, et al.

                    "Respectfully,
            "(Signed)   H. C. Patterson,
                            "Atty. for Plts
            "(Signed)   Pearl Marjorie Gidcome
            "(Signed)   Herbert Eugene Gidcome

"I, Thomas Cummings, Mayor of the City of Nashville, Nashville, Tenn., herewith acknowledge receipt of the above notice, this the 21st day of November, 1938.

            "(Signed)   Thos. L. Cummings, Mayor,
            "By (Signed)   Ben C. Steinheart, Agent."

Section 8596 of the Code provides as follows:

"No suit shall be brought against any municipal corporation, on account of injuries received by person or property on account of the negligent condition of any street, alley, sidewalk, or highway of such municipality, unless within ninety days after such injury to the person or property has been inflicted, a written notice shall be served upon the mayor or manager of said municipality, stating the time and place where said injury was received and the general nature of injury inflicted. The failure to give the notice prescribed in this section, within the time set out, shall be a valid defense against any liability of the municipality which might otherwise exist on account of the defective or negligent condition of said

street, alley, sidewalk, or highway; and provided, further, that proof of registered letter by registry receipt addressed to the mayor or manager setting forth the injury and place of injury complained of shall be a complete compliance with his section."

In *City of Knoxville* v. *Felding,* 153 Tenn., 586, 590, 285 S. W., 47, 48, this court, speaking through Justice Cook, said:

"The rigid application of statutes that require notice as a condition precedent to suit against the city, and the precision exacted as to time, place and nature of the injury, cannot be justified except upon the ground that originally the law forbade a recovery, and that the Legislature which could take away the remedy has annexed as a condition precedent to the right of recovery, the requirement of notice, and made mandatory a statement in the notice showing with precision the time, place, and nature of the injury. Hence the courts say that, because the Legislature has required by a mandatory statute the notice of time, place, and nature of the injury as a condition precedent to the right of recovery, no person can avail himself of the benefit of the law without strictly observing it. Such is the view of the Tennessee courts, supported by the weight of authority throughout the United States."

Applying this rule of strict construction in the instant cases, we think the notice is entirely too indefinite as to place. It, in substance, simply avers that the accident occurred on the north side of Jefferson Street east of Tenth Avenue. It does not state how far east, near what building or residence, what the nature of the defect is, or in any other manner describe the approximate location of the place where the injury occurred. The notice must be such that it will direct the representative

of the City, in the exercise of reasonable diligence, to the place where the injured party claimed it occurred. The place where the injury occurred is a cardinal and special requirement under the statute. It would be an utter impossibility for a representative of the City, guided by this notice, to locate the place where Pearl Marjorie Gidcome claims she was injured. The notice not only fails to state at what point on Jefferson Street the accident occurred, but the notice is absolutely silent as to the character of defect that caused her injury. Any attempt to locate the place would be altogether conjectural and speculative. As stated in a number of cases, there are numerous defects in most of our streets, and it is difficult at times to determine whether they are trivial or can be classed as dangerous; hence it is very material for the municipality to be specifically directed to the defect in order for it to determine its nature and whether it is liable for the injury suffered at that point.

We have been referred by counsel to no case holding such a description as to place, as that contained in the notice before us, sufficient. Counsel for plaintiff cite the following cases: *City of Nashville* v. *Nevin,* 12 Tenn. App., 336; *City of Knoxville* v. *Ryan,* 13 Tenn. App., 186; *Hill* v. *City of Chattanooga,* 14 Tenn. App., 456. In the *Nevin Case* the place of injury was described as "at the northwest corner of Church Street and Eighteenth Avenue, North, Nashville, Tennessee, on the sidewalk." In the notice it was also stated that the plaintiff was injured by slipping down upon the sidewalk which at the time was covered with ice and snow; that the ice was formed on the sidewalk "as the result of a city hydrant at the yard being left open, and a stream of water poured down and ran across the sidewalk." The undisputed testimony showed that there was only one hydrant on

the lot near the sidewalk on the northwest corner of the two streets. In holding the notice sufficient as to place, the court, speaking through Judge DeWitt, said:

"The purpose of the statute requiring notice as a condition precedent to recovery, is to enable the officers of the city, being men of common understanding and intelligence, by the exercise of reasonable diligence, and without other information from the plaintiff, to find the exact place where the damage was sustained; and to investigate the matter while it is fresh, before witnesses had moved away or been forgotten; to learn the extent of the injury, the cause thereof and whether or not there is municipal liability. It is generally held that to be legally sufficient the description of the place of the accident must be so definite as to enable the interested parties to identify it from the notice itself; and that when parol evidence is required to determine both the place and the nature of the defect, a reasonable notice has not been given. *Carr* v. *Ashland,* 62 N. H., 665; *Barribeau* v. *Detroit,* [147 Mich., 119], 110 N. W., 512; *Larkin* v. *Boston,* 128 Mass., 521; *Benson* v. *City of Madison,* 101 Wis., 312, 77 N. W., 161; *Rogers* v. *Shirley,* 74 Me., 144."

In the Ryan case it was held that where the notice alleged the injury to have occurred on a small bridge, which was named, it was not necessary to set out the special point on the bridge where the accident happened. It was further stated in the notice that plaintiff's intestate, Charles A. Thompson, "while driving a wagon across said bridge, was struck and fatally injured by a loose plank, on or in the floor of said bridge, said plank striking the said Charles A. Thompson on the head, by reason of the fact that it was loose and not properly fastened in and on said bridge, so that when the horse which the said Charles A. Thompson was driving stepped on the

end thereof, said plank flew up, and struck the said Charles A. Thompson on the head,'' etc.

In the Hill case the notice as to place was as follows:

''You are hereby notified that I, Mary Hill, residing at 3901 Clio Avenue (East Lake), Chattanooga, Tennessee, was injured on July 6, 1930, between the hours of 8:00 and 9:00 P. M., being about 8:30 P. M., while walking along East Thirty Fourth Street at or near the intersection of said street with Sixth Avenue.

''The street was dangerous, defective and out of repair in that there was an opening in the street, being a hole five or six inches in diameter and several inches deep.''

The court, in holding the description adequate, said:

''A description of the place of the injury as being at or near the intersection of two streets, has been held too indefinite, in some states having a similar statute. 43 C. J., 1198-9; *Carr* v. *Ashland*, 62 N. H., 665; *Barribeau* v. *City of Detroit*, 147 Mich., 119, 110 N. W. 512; *Benson* v. *City of Madison*, 101 Wis., 312, 77 N. W., 161; *Dalton* v. *Salem*, 139 Mass., 91 [28 N. E., 576].

''But the plaintiff, in her notice, goes on to describe the hole in the street that caused the injury, and the City authorities could have gone to this street intersection and upon investigation could have found the hole, as it was not shown that there was any other hole at or near that intersection.''

In *Sneed* v. *City of Memphis*, 6 Tenn. App., 1, appears a long list of cases holding notice as to place insufficient where it simply recites on a named street near a named intersecting street. See other cases to the same effect listed in Note (g), 43 C. J., 1198, and subsequent annotations.

█ Under our construction of the statute, notice must be given the municipality prior to instituting suit. *Gilkey*

v. *City of Memphis,* 159 Tenn., 220, 225, 17 S. W. (2d), 4. The reason for this requirement is thus stated in 43 C. J., 1185-1186:

"The purpose of the statute is to advise the municipality in what the alleged negligence consists, and give it an opportunity to investigate while the facts are fresh and the conditions remain substantially the same, thereby enabling it better to guard against fraudulent and unfounded claims and to prepare for trial if it decides not to settle the claim, or make a settlement and thereby avoid litigation."

Now a municipality is not liable for every defect in its sidewalks. *City of Memphis* v. *McCrady,* 174 Tenn., 162, 124 S. W. (2d), 248; *Batts* v. *City of Nashville,* 22 Tenn. App., 418, 123 S. W. (2d), 1099.

How can a city determine, therefore, its liability, and whether it wishes to settle without litigation, when the notice does not definitely locate the place of injury or the defect that caused it?

After carefully considering the authorities, we are fully convinced that the notice as to the place of injury in the cases under consideration is insufficient. In this view it becomes unnecessary to pass upon the other questions raised by the assignments of error.

It results that, for the reasons stated herein, the judgments of the trial court must be affirmed.