MARTIN, RESPONDENT, *v.* CITY OF BUTTE, APPELLANT.

(No. 2,267.) ·

(Submitted June 6, 1906. Decided June 11, 1906.)

*Personal Injuries—Municipal Corporations—Sidewalks—Pleadings—Parent and Child—Instructions—Presumptions—Trial —Special Findings.*

Personal Injuries—Pleadings—Complaint.
1. To support a judgment, in an action for personal injuries, in favor of plaintiff, the complaint must state facts sufficient to constitute a cause of action against the defendant *and in favor of the plaintiff.*

Same—Complaint—Parent and Child.
2. Under Code of Civil Procedure, section 578, the complaint, in an action brought by the mother of a child to recover damages for personal injuries sustained by the latter, must set forth that the father was dead or had deserted his family at the time the action was commenced, and in the absence of such allegation the complaint fails to state a cause of action in favor of the mother of the child.

Same—Cities and Towns—Defective Sidewalks—Instructions.
3. An instruction, given in an action to recover damages from a city for personal injuries alleged to have been sustained by reason of a defective sidewalk, telling the jury that it was the duty of the city to see to it that its streets and sidewalks are kept in a safe condition, and, failing in this, it becomes liable to persons injured by reason of such failure, was erroneous, in that it practically made the city an insurer of the safe condition of its streets and sidewalks, whereas it is only compelled to keep its thoroughfares in a reasonably safe and good condition for travel.

Instructions—Error—Prejudice—Presumptions.
4. In the absence of anything to show that prejudice could not reasonably have followed the giving of an erroneous instruction, and the error appearing, prejudice will be presumed.

Findings—Actions at Law—District Courts.
5. In an action at law the findings of the jury are binding upon the court.

Trial—District Courts—Setting Aside Special Findings.
6. Under Code of Civil Procedure, section 1101, providing that, where a special finding of fact is inconsistent with the general verdict, the former controls and the court must give judgment accordingly, it may not set aside a special finding and enter judgment on the general verdict, but must enter judgment on the special finding, leaving it to the defeated party to pursue his remedy by a motion for a new trial.

*Appeal from District Court, Silver Bow County; J. B. McClernan, Judge.*

ACTION by Mary Pryor Martin against the city of Butte. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

*Mr. L. P. Forestell,* and *Mr. J. F. Davies,* for Appellant.

*Mr. C. N. Davidson,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The plaintiff, Mary Pryor Martin, commenced this action against the city of Butte to recover damages for personal injuries sustained by her son, William Pryor, five years old, which injuries the plaintiff contends were caused by the negligence of the city of Butte. The answer denies the allegations of the complaint and pleads contributory negligence on the part of the plaintiff and on the part of the said William Pryor. A reply was filed denying the new matter set forth in the answer. The cause was tried to the court sitting with a jury. The jury returned a general verdict in favor of the plaintiff and answered certain special interrogatories submitted by the court. Upon motion of counsel for plaintiff the court rejected special finding No. 14, and entered judgment on the general verdict and other special finding in favor of the plaintiff, from which judgment defendant appealed.

The only questions which require attention here are: 1. Does the complaint state a cause of action in favor of the plaintiff? 2. Did the court err in giving instruction No. 5, asked by plaintiff? And 3. Did the court err in setting aside special finding No. 14?

1. It will not do to say that it is sufficient that the complaint states a cause of action against the defendant. To support this judgment the complaint must state facts sufficient to constitute a cause of action against the defendant *and in favor of the plaintiff.* (*Farris* v. *Jones,* 112 Ind. 498, 14 N. E. 484, and cases cited.)

In order to maintain this action the plaintiff must bring herself within the provisions of section 578 of the Code of Civil Procedure, which section, so far as applicable to this case, reads as follows: "Sec. 578. A father, or in case of his death, or desertion of his family, the mother, may maintain an action for the injury or death of a minor child." The complaint does not anywhere allege that the child's father was dead or had deserted his family at the time this action was commenced, and, in the absence of such allegation, the complaint does not state a cause of action in favor of the mother of the child. The provisions of the statute quoted above appear too plain to require discussion. A statute similar to our section 578, above, was directly passed upon in *Louisville etc. Ry. Co.* v. *Lohges*, 6 Ind. App. 288, 33 N. E. 449, and the doctrine announced above fully sustained.

The state of Arkansas also has a statute similar to section 578, above, which provides: "Where the person killed or wounded be a minor, the father, if living; if not, then the mother; if neither be living, then the guardian—may sue for and recover such damages as the court or jury trying the case may assess." In *St. Louis etc. Ry. Co.* v. *Yocum*, 34 Ark. 493, it is said: "In the case of a minor killed by the running of a train, the father, if living, must sue. If the mother sues, she must show affirmatively and positively that the father is dead. Nothing short of that will answer." (See, also, *Savannah Ry. Co.* v. *Smith*, 93 Ga. 742, 21 S. E. 157.) This disposes of the like objection made to instructions 1 and 2 given.

2. Instruction No. 5, given to the jury at the instance of the plaintiff, is as follows: "Instruction No. 5. The jury are instructed that it is the duty of the city of Butte to see to it that the streets and sidewalks within the corporate limits of the city are kept in a safe and passable condition, and, failing in this duty, then the city is and becomes liable to parties who may sustain injury or damages by reason of such failure of the city to keep the streets and sidewalks in a safe condition; and you are instructed that if you believe from the evidence that

the sidewalk described in the complaint herein was permitted by the city to remain in a dangerous condition by the city authorities, and that by reason of the sidewalk being in a dangerous and unprotected condition, the minor son of the plaintiff fell into an excavation made underneath the defendant's sidewalk, and received an injury thereby, which injury caused damages to the plaintiff, then your verdict should be for the plaintiff for such damages as she sustained.''

This instruction practically makes the city an insurer of the safe condition of its streets, sidewalks, and crossings. It does not state the law correctly, and, in the absence of anything to show that prejudice could not reasonably have followed the giving of such an instruction, the error appearing, prejudice will be presumed.

In *Leonard* v. *City of Butte,* 25 Mont. 410, 65 Pac. 425, the rule of law applicable to cases of this character is correctly stated as follows: ''We understand the rule to be that a city is bound only to use reasonable care to keep its streets and sidewalks in a reasonably safe and good condition for travel (Dillon on Municipal Corporations, sec. 1019), exercising reasonable care in inspecting them to discover any defects therein (Id., sec. 1025). Having observed both of these precautions, reasonable attention being had to the effects of natural deterioration and decay, the authorities will have discharged their full duty.'' (See, also, *Anderson* v. *Northern Pac. R. Co.* [decided April 30, 1906], 34 Mont. 181, 85 Pac. 884.)

3. Special finding No. 14 is as follows: ''Special finding No. 14. Was the accident caused in whole or in part by the failure of William Pryor to exercise such care as a person of ordinary prudence would have exercised under like circumstances? Answer: Yes. A. W. Williams, Foreman.'' We question the propriety of submitting this special interrogatory to the jury in this particular case; but, it having been submitted and answered and returned by the jury, the district court was without authority to set it aside. In an action at law, such as this, the findings of the jury are binding upon the court. This

particular finding was wholly inconsistent with a general verdict in favor of the plaintiff, and in such a case the special finding governs. Section 1101 of the Code of Civil Procedure, among other things, provides: ''Where a special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court must give judgment accordingly.'' It was the duty of the court in this instance to enter judgment upon the special finding, and thereafter the remedy of the defeated party was by motion for new trial.

For the errors appearing, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE MILBURN, not having heard the argument, takes no part in the foregoing opinion.