FEARON, RESPONDENT, *v.* MULLINS, APPELLANT.

(No. 2,367.)

(Submitted February 12, 1907. Decided February 20, 1907.)·

(88 Pac. 794.)

*Master and Servant—Personal Injuries—Safe Place to Work—*
*Complaint—Instructions.*

Master and Servant—Personal Injuries—Complaint.
    1. Where plaintiff alleged in her complaint, in an action to recover damages for personal injuries sustained by her while in defendant's employ as a domestic servant, that she was acting as such servant at the time she received the injuries and engaged in the performance of her duties under the directions of defendant, it was sufficient to show the relation of master and servant between the parties, and that plaintiff was acting within the scope of her employment when the accident occurred.

Same—Complaint—Indefiniteness—Special Demurrer.
    2. In the absence of a special demurrer to a complaint, in a personal injury suit brought by a servant against her employer, on the ground of indefiniteness of the allegation as to whether she was acting within the scope of her employment when she was injured, the pleading will be held sufficient where, although the allegation relative to the particular work she was engaged in at that time was indefinite, enough was shown to make it appear that she was doing her work under the employer's directions.

Same—Complaint—Master's Knowledge of Dangerous Place.
    3. Plaintiff's failure to allege, in a complaint against her employer to recover damages for personal injuries, received while performing her duties as a domestic servant, through his alleged negligence in not furnishing her a safe place in which to work, the facts wherein the danger incident to an opening in the floor of a porch, through which she fell, consisted, as well as the causal connection between the defective place and the injury, and that defendant knew, or by the exercise of reasonable diligence ought to have known, of the dangerous condition of the opening, was fatal to the complaint.

Same—Instructions—Care Required of Master.
    4. In an action for injuries to a servant, an instruction that the master owed to his servant the duty to provide her a reasonably safe place in which to work and of maintaining it in a reasonably safe condition during the employment, was erroneous in that it required too high a degree of care on the part of the employer, he being bound only to use ordinary care in providing a reasonably safe place for his servant to work.

*Appeal from District Court, Silver Bow County; John B.*
*McClernan, Judge.*

ACTION by Sarah Fearon against Patrick Mullins. From a judgment for plaintiff and an order denying him a new trial, defendant appeals. Reversed and remanded.

*Mr. John F. Davies,* for Appellant.

In a case of this character, it is not sufficient to allege that a duty existed upon the part of the defendant and that he violated such duty; but the facts must be stated showing the legal liability. Unless the duty results in all cases from the stated facts, the complaint so framed will be bad. (6 Thompson on Negligence, secs. 7458, 7523, and cases cited; *Hewson* v. *City of New Haven,* 34 Conn. 136, 91 Am. Dec. 718; 14 Encyclopedia of Pleading and Practice, 332; *Baltimore etc. R. R. Co.* v. *Wilson,* 31 Ohio St. 557; *Rosewarn* v. *Washington G. M. Co.,* 84 Cal. 219, 23 Pac. 1039; *Smith* v. *Buttner,* 90 Cal. 95, 27 Pac. 29.)

It was necessary for the plaintiff to have alleged and proved not only that she was injured, but that she was injured by reason of the negligence or some lack of care or duty upon the part of the defendant, and that by reason of such want of care, she received injuries. (*City of Hammond* v. *Winslow,* 33 Ind. App. 92, 70 N. E. 819; *City of Logansport* v. *Kihm,* 159 Ind. 68, 64 N. E. 595; *Bodah* v. *Deer Creek,* 99 Wis. 509, 75 N. W. 75.)

"The complaint for injuries caused by the failure of the master to furnish a safe place to work should set out the facts showing wherein the danger consisted and the causal connection between the defective place and the injury." (6 Thompson on Negligence, sec. 7527, and cases cited; *Stephenson* v. *Southern Pac. Co.,* 102 Cal. 143, 34 Pac. 618, 36 Pac. 407; *City of Hammond* v. *Winslow,* 33 Ind. App. 92, 70 N. E. 819; *City of Logansport* v. *Kihm,* 159 Ind. 68, 64 N. E. 595.)

The relation of master and servant implies no obligation of the master to take more care of the servant than the servant is willing to take care of himself. (*Karr Supply Co.* v. *Kroening,* 167 Ill. 560, 47 N. E. 1051; *Cameron* v. *Kenyon-Connel Com. Co.,* 22 Mont. 312, 74 Am. St. Rep. 602, 56 Pac. 358, 44 L. R. A. 508; *Wormell* v. *Maine Cent. Ry. Co.,* 79 Me. 397, 1 Am. St.

Rep. 321, 10 Atl. 49; *Russell Creek Canal Co.* v. *Wells,* 96 Va. 416, 31 S. E. 614; *Pennsylvania Co.* v. *Lynch,* 90 Ill. 333; *Missouri Furnace Co.* v. *Abend,* 107 Ill. 44, 47 Am. Rep. 425.)

*Messrs. Mackel & Meyer,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The plaintiff brought this action to recover a judgment for damages for a personal injury alleged to have been caused by the negligence of the defendant.

The complaint, after alleging that defendant is the owner and occupant of a residence known as No. 623 West Granite street, in the city of Butte, proceeds: "That on or about the twenty-ninth day of August, A. D. 1904, plaintiff was employed by the defendant as a domestic, and during said time worked in and about the said hereinbefore mentioned premises, and that it then and there became and was the duty of the defendant to furnish the plaintiff a reasonably safe place in which to work.

"That the defendant negligently and carelessly failed and neglected to furnish the plaintiff with a reasonably safe place in which to work, and that the facts with reference thereto are as follows: That at the rear of said house and on the porch thereof, there is a large opening in the said porch, and that below said opening there is an excavation many feet deep, to-wit, over six (6) feet deep. That on or about the twenty-ninth day of August, A. D. 1904, the defendant covered, and permitted the said opening to be covered, with a number of light boards and other matter so that the said opening could not be seen by the plaintiff.

"That the plaintiff did not, and could not, know that the said opening was at the said place, but that the defendant then and there knew that the said opening was there; that the plaintiff, acting under the orders and direction of the defendant, while performing the duties required of her, went upon the said rear porch and stepped upon the said light boards and other

matter covering the said opening, and that the said boards and other matter gave way, and the plaintiff was violently thrown down upon the said floor; that as a result of being so violently hurled to the floor and coming violently in contact with the said floor, plaintiff received a severe strain to her spine, and received a number of severe wounds and bruises on her body, and also sustained a displacement of her womb; that, as a result of the displacement of her womb, severe inflammation and excessive hemorrhages resulted; that the plaintiff was greatly weakened in body, and because of the said injuries, was compelled to, and did, undergo an operation known as the 'curettement.' '' Then follow allegations setting forth the extent of plaintiff's suffering, her consequent permanent disability, and the expense incurred in procuring medical treatment. Judgment is demanded for $7,250.

The answer admits the employment as alleged, but denies generally all the other allegations of the complaint. The jury found for the plaintiff. The defendant has appealed from the judgment and an order denying his motion for a new trial.

1. The first contention made by appellant is that the complaint does not state facts sufficient to constitute a cause of action. It is said that it does not state sufficient to show that the relation of master and servant existed between the parties, or that the plaintiff, at the time of her injury, was acting within the scope of her employment, or that the defendant knew, or should have known, of the dangerous condition of the ventilator, and failed to exercise ordinary care to make it safe.

As to the first two of these objections it is sufficient to say that it appears with reasonable clearness and certainty, not only that the plaintiff was in the employ of the defendant at the time of the injury as a domestic servant, but that she was, under his direction, engaged in the performance of her duties as such. To be sure, the allegation as to the particular work she was then doing is indefinite, and it would have been proper to set out the facts somewhat more in detail, but, in the absence of a special demurrer, we think the allegation sufficiently specific.

The third objection is fatal. The allegations show that there was an opening in the floor of the porch for a ventilator, and it had been covered by the defendant with light boards "and other matter"; and further, that its existence was known to the defendant, but not to the plaintiff. It is not alleged that the covering over the opening was insufficient to prevent a person from falling through into the excavation below, or that the defendant, knowing this fact, negligently permitted it to remain in that condition, and that the want of care on defendant's part in this regard was the cause of plaintiff's injury. That its condition was dangerous does not appear from any definite statement that such was the case, but only by mere inference from the fact that the covering gave way when the plaintiff stepped on it, and plaintiff thereby received her injuries. The idea that the defendant exercised due care in selecting the materials with which to cover the opening is not negatived even by inference, and, so far as the pleading attempts to show any liability on the part of the defendant, it is wholly insufficient. In this class of cases the complaint should set out the facts showing wherein the danger consisted, and the causal connection between the defective place and the injury. (6 Thompson on Negligence, 7527.) Not only so, but it must also allege that the master had knowledge of the efficient cause of the injury, or, by the exercise of reasonable diligence, ought to have had knowledge. (6 Thompson on Negligence, 7529.)

2. Another contention is that the court erred in submitting to the jury the following instruction: "You are instructed that the master owes to his servant the duty of providing her a reasonably safe place in which to work, and maintaining it in a reasonably safe condition during the employment, having regard to the character of the services required, and the dangers that a reasonably prudent person would apprehend under the circumstances of each particular case." In *Anderson* v. *Northern Pac. Ry. Co.*, 34 Mont. 181, 85 Pac. 884, this court held an instruction containing the following, erroneous: "A railway company is bound to provide suitable and safe material and structures in the

construction of its road and appurtenances, and to maintain them in a reasonably safe condition.''

The vice of this latter instruction, as was held in *Anderson* v. *Railway Co., supra,* is that it cast upon the company a greater burden than the law requires, in that it declared it bound in any event to provide suitable and safe material and structures in the construction of its road, and to maintain them in a reasonably safe condition, whereas the law requires only ordinary care on the part of the master in making these provisions for the safety of his employee. The difference between the instruction considered there and the one before us in this case turns upon the difference in meaning of the expressions ''the railway company is bound'' and ''the master owes to his servant the duty,'' etc. Wherever one owes a duty under the law, he is by law bound to perform it; so that there is no difference in the character of the burden cast upon the defendant by the different expressions used in these two instructions. What a master is bound to do, he owes it as a duty to do, and what he owes as a duty to do, he is bound to do. The instruction under consideration is open to the same criticism as the one commented upon in the case cited, and must therefore have been prejudicial. (See, also, *Martin* v. *City of Butte,* 34 Mont. 281, 86 Pac. 264; *Leonard* v. *City of Butte,* 25 Mont. 410, 65 Pac. 425.)

3. Another contention is that the evidence is insufficient to justify the verdict. We shall not comment upon this assignment further than to say that we think it was sufficient to go to the jury, and, if it had been submitted under proper instructions, would have sustained the verdict.

4. The appellant contends that the court erred to the prejudice of the defendant in several other matters which appear upon the face of the record. What has been said, however, is sufficient to guide the court upon another trial, and it is not necessary to consider them. Some of them are not among the assignments of error in the brief, and others we do not deem of sufficient merit to warrant special notice.

The judgment and order are reversed, and the cause remanded for a new trial.

*Reversed and remanded.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SMITH concur.