NAGLE, RESPONDENT, v. CITY OF BILLINGS, APPELLANT.

(No. 5,955.)

(Submitted September 20, 1926.   Decided October 18, 1926.)

[250 Pac. 445.]

*Personal Injuries—Cities and Towns—Defective Sidewalks— Extent of Duty of City Authorities—Erroneous Instruction— Conflicting Instructions—When Cause for Reversal of Judgment.*

Instructions—Use of Terms Approved by Supreme Court Urged.
    1.  In formulating instructions on any given subject counsel should, so far as possible, employ terms and expressions which have been approved by the supreme court as technically correct.

Cities and Towns—Not Insurers of Safety of Pedestrians—Streets and Sidewalks—Extent of Duty of City Authorities.
    2.  A city is not an insurer of the safety of those who use its sidewalks, its duty being fulfilled if it uses reasonable care to keep its street and walks · in a reasonably safe and good condition to travel, and exercises the same degree of care in inspecting them to discover any defects therein.

Personal Injuries—Cities and Towns—Defective Walks—Duty of City Officers—Erroneous Instruction.
    3.  *Held*, in an action for personal injuries sustained by a pedestrian in stepping from the sidewalk upon a defective gutter covering, that instructions advising the jury that the city was bound by an inspection which is "adequate" to ascertain if its streets and walks are in a reasonably safe condition for public travel, were erroneous as in effect making defendant city an insurer against accident, the word "adequate" meaning fully sufficient, equal to what is required, lawfully and reasonably sufficient, the court thus in effect having announced the rule that it was the absolute duty of the city to make such an inspection of its sidewalks and approaches thereto that all dangers due to defects therein would be discovered and remedied.

Same—Conflicting Instructions—When Judgment will be Reversed.
    4.  The fact that the court in other instructions correctly instructed the jury with reference to the city's duty in the matter of keeping its streets and walks in condition for travel, did not cure the error in giving the instructions above referred to

    2.  Municipal liability for defective street, see notes in 12 Am. St. Rep. 114; 15 Am. St. Rep. 446; 25 Am. St. Rep. 64; 103 Am. St. Rep. 263; 108 Am. St. Rep. 139; 4 L. R. A. 213; 5 L. R. A. 144; 20 L. R. A. (n. s.) 577; Ann. Cas. 1913C, 532; Ann. Cas. 1014A, 1197. See, also, 13 R. C. L. 353.
    4.  See 14 R. C. L. 813.

(par. 3), the rule being that where instructions are upon a material point, the one correct and the other incorrect, the judgment will be reversed and a new trial ordered.

[1]  Trial, 38 Cyc., p. 1595, n. 2
[2, 3,]  Adequate, 1 C. J., p. 1193, n. 24. Municipal Corporations, 28 Cyc., p. 1359, n. 49, 50; p. 1516, n. 4.
[4]  Municipal Corporations, 28 Cyc., p. 1552, n. 39. Trial, 38 Cyc., p. 1782, n. 82; p. 1784, n. 84.

*Appeal from District Court, Yellowstone County; O. F. Goddard, Judge.*

ACTION for personal injuries, brought by Theresa Nagle against the City of Billings. Judgment for plaintiff and defendant appeals. Reversed and remanded.

*Mr. M. J. Lamb,* for Appellant, submitted a brief, and argued the cause orally.

Instructions 7 and 9 are erroneous. To hold that the duty of a city is to keep the sidewalks reasonably safe instead of to simply "exercise reasonable care to keep reasonably safe," would make it an insurer. (*Osborn* v. *City of Mt. Vernon,* 197 Ill. App. 267; *Gage* v. *City of Vienna,* 196 Ill. App. 585.) That the duty of the city is no greater than to exercise reasonable care to keep its sidewalks in a reasonably safe condition is the measure of duty recognized in Montana and generally except where a greater duty is imposed by statute or charter. (*Leonard* v. *City of Butte,* 25 Mont. 410, 65 Pac. 425; *Martin* v. *City of Butte,* 34 Mont. 281, 86 Pac. 264; *McEnaney* v. *City of Butte,* 43 Mont. 526, 117 Pac. 893; *Lawerence* v. *City of Scranton,* 284 Pa. 215, 130 Atl. 428; *Town of Quapaw* v. *Holden,* 96 Okl. 281, 222 Pac. 680; *Norman* v. *Sioux City,* 197 Iowa, 1310, 197 N. W. 18; *Erle* v. *City of Norfolk,* 139 Va. 38, 123 S. E. 364; *Alexander* v. *Statesville,* 165 N. C. 527, 81 S. E. 763; *City of Greenfield* v. *Roback,* 45 Ind. App. 70, 90 N. E. 136, 138; *Anderson* v. *City of Jamestown,* 50 N. D. 531, 196 N. W. 753; *Lautenschlager* v. *Seattle,* 77 Wash. 12, 137 Pac. 323; *Scearce* v.

*Bainesville,* 33 Ga. App. 411, 126 S. E. 883; *City of Louisville*
v. *Zoeller,* 155 Ky. 192, 160 S. W. 500; *Lohr* v. *Borough of
Philipsburg,* 156 Pa. 246, 27 Atl. 133; *Butler* v. *Village of
Oxford,* 186 N. Y. 444, 79 N. E. 712; *Armstrong* v. *City of
Tulsa,* 102 Okl. 49, 226 Pac. 560; *Borough of Du Bois* v. *Pan-
coast,* 218 Fed. 60, 133 C. C. A. 662.)

*Mr. H. C. Crippen* and *Mr. F. G. Huntington,* for Respond-
ent, submitted a brief; *Mr. Crippen* argued the cause orally.

Instruction No. 9 tells the jury that a city is bound "as
an active and continuous duty" to provide against dangers,
not to actively and continuously search for defects in side-
walks, as counsel says in his brief. "An instruction in a
personal injury case, stating that defendant owed the duty of
keeping certain machinery in an 'adequately safe' condition
for use, means, simply, kept sufficiently safe for the particular
purpose. (*Pennsylvania & N. Y. Canal & R. Co.* v. *Mason,*
109 Pa. 296, 299, 58 Am. Rep. 722.)" (1 Words and Phrases,
184.) Said this court in *O'Donnell* v. *City of Butte,* 65 Mont.
463, 32 A. L. R. 1284, 211 Pac. 190: "Primarily, of course,
it is the duty of every municipality to exercise active vigilance
to keep all its streets in a safe condition suitable for public
use, but it can be held only to a reasonable performance of
this duty." This case referred to accumulations of snow and
ice, hence the "reasonable performance" of the duty, but the
language is stronger than the instruction complained of.

Further we cite, 13 R. C. L., pp. 353–355: "What consti-
tutes reasonable diligence depends upon the facts of each par-
ticular case, taking into consideration the location, the nature
of the ground, the extent and amount of travel, and the means
which the municipality may command for the repair of all
the highways with which they are burdened, and the compara-
tive claims for repairs and improvements of all such highways,
and is ordinarily a question for the jury. It is immaterial,
however, whether the neglect is wilful or otherwise. Nor does

the duty of the municipal authorities to keep the streets and highways in a reasonably safe condition end with putting them in such condition originally, but extends to keeping them so, to the extent that this can be accomplished by proper and reasonable care and continuing supervision by night as well as by day. * * * And the liability of the municipality for injuries, as in other cases, must be regarded as continuing, although it may not have been guilty of any other neglect than that of permitting the way to be out of repair." (Page 359.)

Appellant admits the existence of the defect and notice thereof by not raising the questions on this appeal. Here is proof that appellant not only knew of the defect but of its own negligence which caused or contributed to its existence, and failure to repair. In a case where it is admitted that the city knew of the defect and had reasonable time within which to repair it, what difference does it make if the jury was told that the city was bound to make "adequate inspection" by an "active and continuous duty"? As the supreme court of Vermont said, in *Fifields, Admx.,* v. *Town of Rochester,* 89 Vt. 329, 95 Atl. 675: "In these circumstances, the jury might well find that the town knew, or ought to have known, of the defect in season to remedy it, whatever it was, before the intestate was injured. So, regardless of the cause of the defect, if it was within the approaches of the culvert, the town was in duty bound to remedy it, and, not doing so, liability attaches for any injuries to travelers in the exercise of due care, proximately caused thereby." And so the argument of counsel, fortified by cases cited under this heading of the brief, falls flat. The cases are not applicable to this case where the issue of the diligence of the city, as a defense, is not raised on the appeal.

MR. JUSTICE STARK delivered the opinion of the court.

The complaint in this action alleges in substance that on the fifth day of April, 1924, at about 11 o'clock in the evening,

the plaintiff was walking in an easterly direction along the north side of First Avenue North, in the city of Billings, and that as she was about to cross Thirty-second Street North and was in the act of stepping from the sidewalk on to a grate covering over the gutter along the west side of Thirty-second Street North, her foot became wedged in an aperture that then and there existed between the end of strap iron forming part of the gutter grate covering and the street curbing, which caused her to be thrown violently forward on to the pavement in such manner that she sustained a broken arm and other injuries complained of. The negligence charged was one of omission, namely, that the defendant "failed and neglected to cause the ends of * * * said strap irons to be flattened out and made to lie flat on" the concrete curbing, which ends "had been bent by use so that the ends of the strap iron resting on the curbing * * * were bent upward, leaving a space or aperture of an inch and a half to two inches in such manner as to constitute a dangerous obstruction."

The defendant by answer denied the act of negligence charged, and the case was tried before a jury on December 4, 1925, and resulted in a verdict and judgment in favor of the plaintiff, from which the defendant has appealed.

Counsel for defendant has made nine specifications of error in his brief, the first eight of which relate to the action of the court in giving certain instructions to the jury over his objections, and in refusing to give other instructions requested by him on the part of the defendant.

We have given careful attention to the specifications covering the rulings of the court with reference to these given and offered instructions, and are of opinion that with the exception of those covered by specifications Nos. V and VI they are without merit; and we shall therefore confine ourselves to [1] their consideration. In passing, however, we suggest to counsel with reference to the first specification of error, which questions the definition of "actionable negligence" given by

the court, that in formulating instructions they should, so far as possible, employ terms and expressions which have been approved by this court as technically correct.

The objections raised by specifications of error V and VI [2, 3] relate to the court's instructions Nos. 7 and 9. In its instruction No. 7 the court advised the jury as follows: "The court further instructs the jury that a city is bound, as an active and continuous duty, by adequate inspection to ascertain and appraise and provide against dangers due to defects in sidewalks and approaches thereto and to make repairs or install such protections as will furnish the traveler a reasonably safe walk," *etc.*

Instruction No. 9 was as follows: "The court instructs the jury that a traveler on a public street has a right to presume that it is in an ordinarily safe condition, because the law enjoins upon the authorities of the municipality the duty to exercise ordinary care to make and keep the streets in a reasonably safe condition for public travel. The duty of the municipal authorities in this respect requires of them the duty to make adequate inspection of the streets and sidewalks within their supervision and control to ascertain if they are in reasonably safe condition for public travel and to repair them if they are not in such condition. Failure of the authorities of a municipality to discharge their duty to travelers on the streets and sidewalks of the municipality constitutes actionable negligence if a traveler be injured through or because of the existence of such defect."

Both of these instructions were erroneous. Among the accepted definitions of the word "adequate" are: "Fully sufficient"; "equal to what is required"; "lawfully and reasonably sufficient." (Webster's New International Dictionary; Standard Dictionary.) By rewriting instruction No. 7, using the definitions of the word "adequate" in place of the word itself, we have this result:

"A city is bound, as an active and continuous duty, by an inspection which

is $\begin{cases} \text{fully sufficient} \\ \text{equal to what is required} \\ \text{lawfully and reasonably sufficient} \end{cases}$ *for that*

*purpose* to ascertain and appraise and provide against dangers due to defects in sidewalks and approaches thereto and to make repairs or install such protections as will furnish the traveler a reasonably safe walk," *etc.* Using either one of these definitions of the word "adequate," the effect of this language was to declare to the jury that it was the absolute duty of the city to make such an inspection of its sidewalks and the approaches thereto that all dangers due to defects therein would be discovered and remedied so as to furnish a traveler over the same "a reasonably safe walk," and in instruction No. 9 this definition of the duty of the city with reference to inspection is immediately followed by a declaration to the effect that a failure to discharge this duty constitutes actionable negligence if a traveler be injured because of the existence of such defect. If that were a correct statement of the law, then any inspection made by a city which fell short of discovering any existing danger due to a defect in a sidewalk would not be a defense to an action for damages sustained by reason of the undiscovered defect. A city would, under such a rule, absolutely guarantee "a reasonably safe walk" to every pedestrian upon its streets. This would make the city an insurer of the safety of those who use the sidewalks.

The duty of a city with reference to the maintenance of its streets and sidewalks in this jurisdiction was clearly defined by this court in the case of *Leonard* v. *City of Butte,* 25 Mont. 410, 65 Pac. 425, in this language: "We understand the rule to be that a city is bound only to use reasonable care to keep its streets and sidewalks in a reasonably safe and good condition for travel, * * * exercising reasonable care in inspecting them to discover any defects therein." This rule has been

consistently followed in the subsequent cases of *Martin* v. *City
of Butte,* 34 Mont. 281, 86 Pac. 264, and *McEnaney* v. *City of
Butte,* 43 Mont. 526, 117 Pac. 893, and is in harmony with the
authorities generally.

In *Martin* v. *City of Butte, supra,* commenting upon an in-
struction given to the jury, the court used this language,
"This instruction practically makes the city an insurer of the
safe condition of its streets, sidewalks, and crossings," and held
that giving it was prejudicial error.

In 6 McQuillin on Municipal Corporations, section 2726, it
is stated: "The municipality is never an insurer against ac-
cidents nor a guarantor of the safety of the travelers on its
streets." In support of this statement a number of cases are
cited, among them we note *City of Dayton* v. *Glaser,* 76 Ohio
St. 471, 12 L. R. A. (n. s.) 916, 81 N. E. 991, *Boender* v. *City
of Harvey,* 251 Ill. 228, 95 N. E. 1084, and *Van Pelt* v. *Clarks-
burg,* 42 W. Va. 218, 24 S. E. 878.

In their brief counsel for respondent have culled out a state-
ment made by this court in the course of its discussion in the
case of *O'Donnell* v. *City of Butte,* 65 Mont. 463, 32 A. L. R.
1284, 211 Pac. 190, which reads, "Primarily, of course, it is
the duty of every municipality to exercise active vigilance to
keep all of its streets in a safe condition suitable for the public
use, but it can be held only to a reasonable performance of
this duty," and assert that this "language is stronger than the
instruction complained of." It may be that the quoted ex-
pression was inept, but it is not susceptible to a construction
which would amount to a reversal of the rule theretofore de-
clared in the decisions of this court above cited and the an-
nouncement of a new one making cities of this state insurers
of the safety of those who travel upon their streets. If it were
reasonably open to such a construction we should be required
to expressly disaffirm it.

Although the court in other instructions correctly stated the
[4]  law with reference to the defendant's duty in the main-

tenance of its sidewalks and the approaches thereto, this did not cure the error in instructions Nos. 7 and 9. In *Wells* v. *Waddell,* 59 Mont. 436, 196 Pac. 1000, it is said: "It is the rule in this state, and elsewhere generally, that 'whenever instructions are upon a material point, the one correct and the other incorrect, this court will not presume that the jury followed the correct instruction, but will reverse the judgment and order a new trial.' (*Helena P. T. Co.* v. *McLean,* 38 Mont. 388, 99 Pac. 1061; *Sullivan* v. *Metropolitan Life Ins. Co.,* 35 Mont. 1, 88 Pac. 401.) The reason for the rule is that a jury composed of laymen cannot be expected to determine which of two conflicting instructions correctly states the law. They are entirely at liberty to follow either one and neither the trial court nor this court can determine which one was the determining factor in arriving at the verdict."

Under specification of error IX counsel argue that the evidence was not sufficient to sustain the verdict. Since the cause must go back for a new trial, we refrain from any comment on this matter.

The judgment is reversed and the cause remanded to the district court for further proceedings.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY, MR. JUSTICE GALEN and HONORABLE THEODORE LENTZ, District Judge, sitting in place of MR. JUSTICE HOLLOWAY. absent on account of illness, concur.

MR. JUSTICE MATTHEWS not sitting.