NAGLE, APPELLANT, *v*. CITY OF BILLINGS, RESPONDENT.

(No. 6,159.)

. (Submitted September 23, 1927. Decided October 20, 1927.)

[260 Pac. 717.]

*Personal Injuries—Cities and Towns—Defective Sidewalks—*
*Notice to City—When Sufficient.*

Personal Injuries—Cities and Towns—Defective Sidewalks—Notice to
City—Purpose of Statute.
1. The purpose of section 5080, Revised Codes 1921, requiring
the giving of notice to a city or town of an injury received
because of a defect in a sidewalk as a condition precedent
to liability for damages, is to give the city an opportunity to
have the place where the accident occurred examined, consult
witnesses and to enable it to settle the claim if the investigation
discloses a legal liability on its part.

Same—Notice to City of Personal Injury—When Sufficient.
2. When a notice of the nature of the above so designates
the place where a pedestrian was injured because of a defect
in the sidewalk that the officers of the city or town, as men
of common understanding and intelligence, can by the exercise
of reasonable diligence find the place, it sufficiently complies
with the provisions of section 5080, supra.

Same—Case at Bar.
3. *Held,* on appeal by plaintiff in a personal injury action
against a city from an order granting defendant city a new trial
on the ground that the notice served by plaintiff on defendant
in pursuance to section 5080, supra, was insufficient, that the
notice, stating that the injury occurred "at the corner of
Fifth Avenue and 32nd street" describing the defect in a
gutter covering which caused plaintiff to be thrown to the
ground, not, however, setting forth at which one of the four
corners of the street intersection the particular gutter covering
could be found, was sufficient under the rule stated in paragraph
2 above, and that the court erred in granting a new trial.

Same.
4. Evidence *held,* not to sustain the contention of defendant
city that all gutter coverings at the intersection of the two
streets, one of which coverings caused plaintiff to be thrown,
were in the same condition at the time mentioned in plaintiff's
notice to the city, and that therefore the assertion of defendant

1. See 19 R. C. L. 1040.
2. Sufficiency of notice of claim against city, with respect to
description of place of accident, see note in 18 Ann. Cas. 994. See,
also, 19 R. C. L. 1044.

[80 Mont. 278.]

that an inspection of all of them would not have enabled the city's investigator to discover the one referred to in plaintiff's notice and hence the notice should be held insufficient, is baseless.

---

[1, 2]  Municipal Corporations, 43 C. J., sec. 1956, p. 1185, n. 30, p. 1186, n. 33; sec. 1966, p. 1198, n. 92.

[3]  Municipal Corporations, 43 C. J., sec. 1966, p. 1198, n. 92.

[4]  Municipal Corporations, 43 C. J., sec. 2011, p. 1242, n. 43 New; sec. 2039, p. 1277, n. 46.

*Appeal from District Court, Yellowstone County; Frank P. Leiper, Judge.*

ACTION for personal injuries by Theresa Nagle against the City of Billings. Judgment for plaintiff. From an order granting defendant's motion for a new trial plaintiff appeals. Order set aside.

*Mr. H. C. Crippen* and *Mr. F. G. Huntington,* for Appellant, submitted an original and a reply brief; *Mr. Crippen* argued the cause orally.

Citing: *Conner* v. *Salt Lake City,* 28 Utah, 248, 78 Pac. 479; *City of Lincoln* v. *Pirner* (Neb.), 7 Am. Neg. Rep. 279; *Titus* v. *City of Montesano,* 106 Wash. 608, 181 Pac. 43; *Holmes* v. *Kansas City,* 101 Kan. 785, 168 Pac. 1110; *Buchmier* v. *City of Davenport,* 138 Iowa, 623, 116 N. W. 695; *City of Lincoln* v. *O'Brien,* 56 Neb. 761, 77 N. W. 76, 80; *Bowles* v. *City of Richmond* (Va.), 129 S. E. 489; *Spencer* v. *Inhabitants of Kingsbury,* 120 Me. 174, 113 Atl. 33; *City of East Chicago* v. *Gilbert,* 59 Ind. App. 613, 108 N. E. 31, 109 N. E. 404; *Sollanberger* v. *Town of Lineville,* 141 Iowa, 203, 18 Ann. Cas. 991, 119 N. W. 618; *Ray* v. *City of Council Bluffs,* 193 Iowa, 620, 187 N. W. 447; *Blanc* v. *City of St. Joseph,* 211 Mo. App. 200, 240 S. W. 840; *Pendergast* v. *Town of Clinton,* 147 Mass. 402, 18 N. E. 75; *Mulligan* v. *City of Seattle,* 42 Wash. 264, 84 Pac. 721; *Williams* v. *City of Lansing,* 152 Mich. 169, 115 N. W. 961; *Larkin* v. *City of Minneapolis,* 122 Minn. 311, 127 N. W. 1129; *Manning* v. *Kansas City* (Mo. App.), 222 S. W. 927; *Owen* v. *City of Fort Dodge,*

98 Iowa, 281, 67 N. W. 281; *Lowe* v. *Inhabitants of Clinton,* 133 Mass. 526; *Carr* v. *Ashland,* 62 N. H. 665; *Blackmore* v. *City of Council Bluffs,* 189 Iowa, 157, 176 N. W. 369; *Burroughs* v. *City of Lawrence,* 116 Kan. 573, 227 Pac. 328; *City and County of Denver* v. *Perkins,* 50 Colo. 159, 114 Pac. 485; *Hinds* v. *Hinsdale,* 80 N. H. 346, 116 Atl. 635; *McComb* v. *City of Chicago,* 263 Ill. 510, 105 N. E. 294; *Ellis* v. *City of Seattle,* 47 Wash. 578, 92 Pac. 431; *Hutchins* v. *Sullivan,* 90 Me. 131, 37 Atl. 883; *Brown* v. *City of Owosso,* 126 Mich. 91, 85 N. W. 256; *Judd* v. *City of New Britain,* 81 Conn. 300, 70 Atl. 1028; *Johnson* v. *City of Fargo,* 15 N. D. 525, 108 N. W. 243; *Perry* v. *Clarke County,* 120 Iowa, 96, 94 N. W. 454; *Snickles* v. *City of St. Joseph,* 139 Mo. App. 187, 122 S. W. 1122; *Brown* v. *Town of Southbury,* 53 Conn. 212, 1 Atl. 819.

If the notice might apply to any one of several similar places, still it would be sufficient if the defect which caused the injury appeared at only one of such places. (*Town of Waterford* v. *Elson,* 149 Fed. 91, 78 C. C. A. 675; *Lowe* v. *Clinton,* 133 Mass. 526; *City of Lincoln* v. *O'Brien,* supra; *Town of French Lick* v. *Allen,* 63 Ind. App. 649, 115 N. E. 79; *Dalton* v. *City of Salem,* 139 Mass. 91, 28 N. E. 576.)

*Mr. M. J. Lamb,* for Respondent, submitted a brief and argued the cause orally.

Citing: *Tonn* v. *City of Helena,* 42 Mont. 127, 36 L. R. A. (n. s.) 1136, 111 Pac. 715; *Eby* v. *City of Lewistown,* 55 Mont. 113, 122, 173 Pac. 1163; *Berry* v. *City of Helena,* 56 Mont. 122, 182 Pac. 117; *Barribeau* v. *City of Detroit,* 147 Mich. 119, 110 N. W. 512; *Benson* v. *City of Madison,* 101 Wis. 312, 77 N. W. 161; *Reichert* v. *City of Chicago,* 169 Ill. App. 493.

That the complaint cannot be appealed to in aid of a defective notice is the universal rule. "The giving of the notice is of the essence of the right of action itself"; it is a condition precedent, and unless the complaint alleges the giving of

the notice prescribed by the statute it does not allege facts sufficient to constitute a cause of ·action. (6 McQuillin on Municipal Corporations, pars. 2714, 2724; Dillon on Municipal Corporations, par. 1709; *Berry* v. *City of Helena,* 56 Mont. 122, 182 Pac. 117; *Forbes* v. *Town of Suffield,* 81 Conn. 274, 70 Atl. 1023; *Trost* v. *City of Casselton,* 8 N. D. 534, 79 N. W. 1071; *Sowle* v. *City of Tomah,* 81 Wis. 349, 51 N. W. 571; *Hogan* v. *City of Beloit,* 175 Wis. 199, 184 N. W. 687; *Goddard* v. *City of Lincoln,* 69 Neb. 594, 96 N. W. 273; *Grambs* v. *City of Birmingham,* 202 Ala. 490, 80 South. 874; *Blair* v. *City of Fort Wayne,* 51 Ind. App. 652, 98 N. E. 736; *Learned* v. *Mayor etc. of New York,* 21 Misc. Rep. 601, 48 N. Y. Supp. 142; *Weisman* v. *City of New York,* 219 N. Y. 178, 114 N. E. 70; *Touhey* v. *City of Decatur,* 175 Ind. 98, 32 L. R. A. (n. s.) 350, 93 N. E. 540.)

Mr. JUSTICE STARK delivered the opinion of the court.

This cause was heretofore before this court in *Nagle* v. *City of Billings,* 77 Mont. 205, 250 Pac. 445, on an appeal from a judgment in favor of the plaintiff. On that appeal the judgment was reversed and the cause remanded for a new trial.

The complaint alleges, in substance, that on the fifth day of April, 1924, the plaintiff was walking in an easterly direction along the north side of First Avenue North, in the city of Billings, and as she was about to cross Thirty-second Street North, and was in the act of stepping from the sidewalk on to a grate covering over the gutter along the west side of Thirty-second Street North, her foot became wedged in an aperture then and there existing between the end of strap iron forming part of the gutter grate covering and the street curbing, which caused her to be thrown violently forward on to the pavement in such manner that she sustained a broken arm and other injuries. The negligence charged is that the defendant "failed and neglected to cause the ends of * * * said strap irons to be flattened out and to be made to lie flat on" the concrete curbing, which end "had been bent by use so

that the ends of the strap iron resting on the curb   *   *   *
were bent upward leaving a space or aperture of an inch and
a half to two inches in such manner as to constitute a dan-
gerous obstruction."

It is further alleged that prior to the commencement of the
suit, and within thirty days after receiving the injuries com-
plained of, she caused a written notice thereof to be given to
the defendant, a copy of which is attached to and made a part
of the complaint as Exhibit "A." So much of said notice as
is material reads as follows:

"You are hereby notified that I, Mrs. Theresa Nagle, the
undersigned, received personal injuries on the 5th day of April,
1924, at the corner of First Avenue and Thirty-Second Street
North, in said city of Billings; that said injuries were re-
ceived by reason of a gutter bridge or covering, in that a por-
tion of the same was raised above the level of the walk and
the pavement, thereby causing my foot to strike the same,
as the result of which I was thrown violently to the ground,"
etc.

After admitting the formal allegations of the complaint,
the defendant's second amended answer denied all the allega-
tions of negligence and admitted the service upon it of the
notice marked Exhibit "A," at the time alleged. At the re-
trial of the case the plaintiff prevailed, and judgment against
defendant was entered in her favor. The defendant made a
motion for a new trial, which was sustained by the court
"for the reason that, in the opinion of the court, the notice
given by the plaintiff to the city is not sufficient to meet the
requirements of section 5080," Revised Codes of 1921. From
this order the plaintiff has appealed.

The record on this appeal is certified to this court under
the provisions of section 9402, Revised Codes of 1921, as con-
taining, amongst other things required by that section, a full,
true and correct copy of all that part of the minutes of the
court and all that part of the official stenographic report of the
trial of said cause used on the hearing of the motion for a new

trial, or which related to the questions raised on said hearing. This brings all of said matters, including the evidence embraced in the stenographic report, before this court for review.

The sufficiency of the notice served upon the city by the [1, 2] plaintiff was not questioned on the former appeal in this case. Section 5080, supra, reads as follows: "Before any city or town in this state shall be liable for damages for, or on account of, any injury or loss alleged to have been received or suffered by reason of any defect in any   *   *   *   sidewalk, *   *   *   in said city or town, the person so alleged to be injured, or some one in his behalf, shall give to the city or town council, or trustee, or other governing body of such city or town, within sixty days after the alleged injury, notice thereof; said notice to contain the time when and the place where said injury is alleged to have occurred."

The purpose of the above section is to give the city an opportunity to examine the place where the injury occurred and consult those who may be witnesses, and to enable it to settle the claim and avoid the expense of litigation, if the investigation discloses a legal liability on its part. (*Tonn* v. *City of Helena*, 42 Mont. 127, 36 L. R. A. (n. s.) 1136, 111 Pac. 715; *Berry* v. *City of Helena*, 56 Mont. 122, 182 Pac. 117.) The specific objection to the sufficiency of the notice made by counsel for respondent is that it does not comply with the statute in that it does not definitely designate the "place" at which plaintiff claimed she received her injuries.

As evidenced by the elaborate briefs filed by respective counsel, statutes of import similar to 5080, supra, exist in many of the states in this country, and the courts have been often called upon to consider the sufficiency of notices which have undertaken to designate the place where an accident occurred, in compliance with such statutory provisions.

To sustain his contention that the plaintiff's notice did not comply with the requirements of the quoted section, counsel for the respondent relies principally upon three cases which first demand our attention: *Barribeau* v. *City of Detroit*, 147

Mich. 119, 110 N. W. 512, *Benson* v. *City of Madison,* 101 Wis. 312, 77 N. W. 161, and *Reichert* v. *City of Chicago,* 169 Ill. App. 493.

In *Barribeau* v. *City of Detroit,* supra, the notice described the place of injury as follows: "A defective and improperly constructed sidewalk at corner of Howard and Twenty-First streets." The trial court granted a nonsuit on the ground that the notice was fatally defective because it could not be ascertained therefrom at what particular walk or corner the accident occurred. This holding was sustained on appeal, and in the course of its opinion the court said: "Counsel for plaintiff are undoubtedly correct in saying that, in a given case, a description of the most general character, when applied to the ground, may locate the place with the utmost exactness * * * and in such a case the notice itself might seem to be defective, when, aided by intelligent application of the facts stated, by testimony, or by judicial cognizance, it would be found to be precise and definite" (citing cases):

In *Benson* v. *City of Madison,* supra, the part of the notice describing the alleged defect in the street and its location, was: "On the *south* side of State street at the intersection of State street and Fairchild street." The insufficiency and want of repair of said street which occasioned the injury and damage are described as follows, to-wit: "The crosswalk on the south side of State street across Fairchild street was torn up, and the surface of the ground where pedestrians were compelled to walk was left rough and uneven; that the ground where said walk had been was covered with loose stones, which were permitted to lie where pedestrians had to walk, and were lower than the sidewalk on the south side of State street, where the said crosswalk should join said sidewalk, and boards of said sidewalk stuck out and projected above the level of said Fairchild street." Upon the trial of the action it developed that the real defect upon which the right to recover was based was that there was a step-down from the top of the gutter to the pavement on the *westerly* side of Fairchild street at its intersection with State

street, and the absence of an apron. The court held this notice insufficient, and in the course of the opinion, after stating the object of such a notice, said: "Whether or not a notice is sufficient for that purpose must depend somewhat upon the circumstances of each case. To be legally sufficient, a notice must contain a sufficiently definite description of the place of the accident to enable the interested parties to identify it from the notice itself. It should also describe the alleged insufficiency with such clearness as to enable the authorities to ascertain therefrom the grounds upon which the claim is based. * * * This description of the location might have been sufficient if the remainder of the notice had described the insufficiency in such terms as to enable the city authorities to determine on which side of Fairchild street it was to be found."

In *Reichert* v. *City of Chicago,* supra, the material part of the notice served upon the defendant city was as follows: That the injured person "was injured by a defective street lamp of the said city * * * under its operation, management and control, * * * at and near the intersection of LaSalle street with Madison street, in the said city of Chicago." The Illinois statute (Rev. Stats., Chap. 70, sec. 7) required the notice to state, amongst other things, "the place or location where such accident occurred." The court held this notice insufficient and in the opinion said: "Both upon authority and upon principle, we think it clear that the sufficiency of the notice required by the city is a question of law for the court, and that its sufficiency must be determined from the notice itself," citing as authority therefor an Illinois case, *Benson* v. *City of Madison,* supra, and *Barribeau* v. *City of Detroit,* supra, quoting this language from the latter case: "In determining the sufficiency of the notice, excepting perhaps as to the time of the injury, the whole notice and all of the facts stated therein may be used and be considered to determine whether it reasonably apprises the officer upon whom it is required to be served of the place and the cause of the alleged injury. The nature of the defect stated may aid in locating

the place, and the place may be stated with such particularity that a very general statement of the defect [cause of the injury] may be aided.''

Typical of the cases cited by counsel for plaintiff to sustain the sufficiency of the notice served upon the city are *City of Lincoln* v. *O'Brien*, 56 Neb. 761, 77 N. W. 76; *Lowe* v. *Inhabitants of Clinton*, 133 Mass. 526; *Brown* v. *Town of Southbury*, 53 Conn. 212, 1 Atl. 819; *Owen* v. *City of Ft. Dodge*, 98 Iowa, 281, 67 N. W. 281; *Buchmeier* v. *City of Davenport*, 138 Iowa, 623, 116 N. W. 695.

In *City of Lincoln* v. *O'Brien*, supra, the material part of the notice served by the plaintiff stated: ''That on or about the 6th day of October, 1894, this affiant was passing on and over the sidewalk on the north side of Q., between Eighteenth and Twentieth streets, in said city, in the evening of said day, and stepped into a hole in said sidewalk, which was in a bad state of repair.'' It was asserted that this was insufficient in that it designated a space of two city blocks and did not lead to any more precise location. At the trial of the case the evidence showed that plaintiff was injured at a spot on the sidewalk within the space named and between Eighteenth and Nineteenth Streets; that it was in front of the one vacant lot in the block in front of which there was a plank sidewalk with the planks laid lengthwise and containing several large holes. There was no proof that there were any holes in the sidewalk elsewhere in the two blocks described. In view of the circumstances thus disclosed by the evidence, the court held the notice sufficient under the principles running through numerous cases cited in the opinion, and which were said to be that the notice is sufficient ''if the place be so described that from that description it can be identified with reasonable diligence,'' and that its sufficiency ''is not to be determined from its terms alone, but in the light of extraneous evidence of the situation and surroundings.''

In *Lowe* v. *Inhabitants of Clinton*, supra, the notice designated the place of injury as being on a portion of Main Street

between two designated residences which were about fifty
rods apart, and the cause of the injury as "a stump pro-
jecting four inches above the surface of the sidewalk on the
east side of said street, between the residences aforesaid."
The court held this a sufficient designation of the place of the
injury, saying: "The place would not perhaps be sufficiently
designated when it might be anywhere within a space of even
fifty rods; but when it is defined by a particular visible object,
of which only one exists within the space, there is no embarrass-
ment to those to whom the notice is given."

In *Brown* v. *Town of Southbury,* supra, the place where the
injury occurred was described in the notice served upon the
selectmen of the town as follows: "Through a defective sluice
across the highway in said town, at a point between the dwell-
ing house of Elliott B. Bradley and the John Honahan place,
so-called." The evidence disclosed that between the designated
points there were three sluiceways within twenty-five rods,
but that only the middle one was defective. The notice was
held sufficient; the court said: "The defect was an obvious
one. We think it is very clear that the selectmen had such
notice of the place as that they could not have been misled,
and could not have mistaken its identity."

In *Owen* v. *City of Ft. Dodge,* supra, the notice served on
the city was ambiguous, but it did show that the accident oc-
curred on a plank crossing about the intersection of two streets.
At the trial the testimony showed that there was only one
plank crossing at the intersection named, and the notice was
held sufficient.

In *Buchmeier* v. *City of Davenport,* supra, the notice given
was that on a given date the plaintiff "was injured by falling
on a crosswalk at Ninth and Warren streets, in the said city,"
etc. The supreme court held the notice sufficient, saying: "On
the face of it the notice is somewhat ambiguous, as it does
not indicate whether the accident occurred while plaintiff was
on one of four sidewalk crossings which might have existed
at the intersection of said streets. But it does not appear that

there were four sidewalk crossings, and it has frequently been held that the sufficiency of the notice must be determined in view of the circumstances'' (citing cases).

Citation of cases might be continued almost indefinitely, but none that we have found would yield any additional assistance. An analysis of those above referred to discloses that there is no substantial difference in the governing rules adopted by the different courts, and that the general principle to be extracted from all of them is that stated in the case of *Carr* v. *Ashland,* 62 N. H. 665, which is quoted with approval in *Barribeau* v. *City of Detroit,* supra: "If the statement so designates the place that the officers of the town, being men of common understanding and intelligence, can by the exercise of reasonable diligence, and without other information from the plaintiff, find the exact place where it is claimed the damage was received, it is in this respect sufficient because it fully answers the purpose of the statute. Whether upon the information contained in the statement the place could be found by the exercise of reasonable diligence is a question of fact, to be determined upon the evidence by the court at the trial term.''

If, in *Barribeau* v. *City of Detroit,* or *Reichert* v. *City of Chicago,* in addition to locating the place of the accident at the intersection of two streets, the notice had gone further and pointed out the particular defect which caused the injury in such manner as to have tied the description of the place to one of the four corners of the intersection, it seems entirely clear, in the light of the language used in those decisions, that the questioned notices would have been held sufficient.

In *Benson* v. *City of Madison,* despite the uncertainty of the notice, the court intimated that it would have held it sufficient if it had described the defect in such terms that it would have enabled the city authorities to have determined upon which side of the street it was located.

In the case at bar the notice describes the place where the [3] injury occurred as being "at the corner of First avenue and Thirty-Second Street North," and is broad enough to

include the defect in the gutter covering which it is alleged caused the plaintiff to be thrown to the ground. The testimony tended to show that a gutter covering at the northwest corner of the intersection of the two streets was in a dangerous condition at the time of the accident, in that one of the iron straps holding it in place was bent so as to project upward in the walk leading across the same, for a distance of from one to three inches, and that another of said straps was also bent and projected upward but not to so great an extent, which defect would come within the purview of that described in the notice. This condition of the gutter covering, if it existed, was one which was sufficiently conspicuous to have attracted the attention of a person of common understanding and intelligence who was exercising reasonable diligence in looking for a defective gutter covering at the intersection of the named streets.

But counsel says that the notice did not designate at which one of the four corners of the street intersection this defective gutter covering was located. In *City and County of Denver* v. *Perkins,* 50 Colo. 159, 114 Pac. 484, there was under consideration the sufficiency of a notice which fixed the place of injury as being "on Twentieth avenue, between Ogden and Downing avenues, where the sidewalk intersects the alley," etc. The court held that the only thing left indefinite in the notice was upon which side of the street the accident occurred, and in reference to this indefiniteness said: "The very fact that it does not state upon which side of the street the injury occurred would, of itself, in the exercise of reasonable diligence, require that the party investigating make an examination upon each side of the street at that point, and thereby ascertain the exact location."

A plat showing the four corners of the street intersection mentioned in the notice served in this case was introduced in evidence, and it discloses that an inspection of all these corners would only involve walking a short distance. Following the rule laid down in the Colorado case above cited, it would

seem that the very fact that the particular corner of the street intersection described was not mentioned in the notice would require the party making the investigation, in the exercise of reasonable diligence, to make an inspection of each of the four corners when they were so close to each other.

. It is shown in the testimony that there were two gutter coverings at each of the four corners formed by the intersection of the streets in question, and the final contention of counsel for the defendant is that all these eight gutter coverings were in the same condition at the time mentioned in the notice, and consequently an inspection of all of them would not have enabled the investigator to determine which one was referred to in the notice as the place of injury.

In the light of the testimony of plaintiff and her witnesses, **[4]** which was stamped with approval by the verdict of the jury, and which showed the defective and dangerous condition of one of the gutter coverings at the northwest corner of the intersection, to sustain this contention would compel a conclusion that the defendant city was generally neglectful of its duty. We cannot indulge a presumption that it was. (*City of Lincoln* v. *O'Brien,* supra.) To defeat the sufficiency of the notice on that ground should require definite proof of the condition, in view of the fact that the defendant did not assert the alleged defect in the notice until long after it had once defended the case on its merits and after it had succeeded in having one judgment against it set aside on appeal on account of erroneous instructions. This contention is based upon the testimony of two witnesses. A. T. Smith testified that he frequently walked up and down First Avenue North, and that a few days prior to the time of the plaintiff's injury he caught his foot in the same gutter covering in which plaintiff alleges she caught hers. Interrogated about the condition of the other gutter coverings on First Avenue North, he said: "I know there was several in bad condition up and down that avenue. They were in bad condition generally more or less all the time." Witness Hart said the gutter covering in question had

been in bad condition for a long time, and, speaking of other
gutter coverings "like that on First avenue going down town,
*  *  * along about the time we are talking about in the year
1924, * * * they were all about alike in that locality.
They were in bad shape most of the time * * * off and on
all the time, * * * sometimes worse condition and some-
times a little better condition. * * * I suppose they would
straighten the grates now and then; * * * when they
straightened them out they would be in better condition than
before straightened out." This is the only testimony in the
record tending to establish that all the gutter coverings at the
intersection of these two streets were in a defective condition
at the time in question, and to our minds it falls short of being
sufficient to warrant a finding that those other than the one of
which plaintiff complains were in such condition at the time
plaintiff received her injuries, or when she served her notice
upon the defendant city. The testimony is vague and uncer-
tain. If the testimony of witness Hart should be held to apply
to the other three corners of the street intersection and to
show that they were "in bad condition," it is too indefinite as
to time and condition in the light of his further statement that
the condition existed "off and on"; that the grates were
straightened out "now and then, and when straightened out
they would be in better condition than before straightened
out." And the testimony of the witness Smith is still more
uncertain, both as to time and place. What the rule would be
if the evidence showed that the city had negligently permitted
the gutter coverings at each of the four corners of the street
intersection to be in a dangerous condition at the time plaintiff
received her injuries need not now be considered.

In view of the principles laid down in the cases which have
been above cited, and in the light of the circumstances dis-
closed in the testimony, we have arrived at the conclusion that
the notice served upon the city by the plaintiff was sufficient to
have enabled it, by the exercise of reasonable diligence, to find
the place where the plaintiff claimed that she received her in-

juries; that it answered the purpose of the statute; and that the lower court was in error in sustaining the defendant's motion for a new trial on the ground of the insufficiency of such notice.

Counsel for defendant further contends that the order granting the motion for a new trial should have been sustained, even though the notice above discussed should be held sufficient, on the grounds (1) that plaintiff "failed to prove that the defect complained of in her complaint was the proximate cause of her injury," and (2) that she was guilty of contributory negligence. We have examined all of the evidence, and our conclusion is that neither of said contentions can be sustained.

The order granting the motion for a new trial is set aside and the cause remanded to the district court, with direction to overrule the same.

*Reversed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS and GALEN concur.

MR. JUSTICE MYERS, being disqualified, did not hear the argument and takes no part in the foregoing decision.

Rehearing denied November 14, 1927.